SUSANNAH THELEN v. BERNARD THELEN.

January 30, 1899.

Nos. 11,479—(246).

**Divorce — Residence of Complainant Jurisdictional — Pleading — G. S. 1894, § 4792.**

G. S. 1894, § 4792, provides that "no divorce shall be granted, unless the complainant has resided in this state one year immediately preceding the time of exhibiting the complaint, except for adultery committed while the complainant was a resident of the state." *Held*, that this fact of the plaintiff's residence is jurisdictional, and must be alleged in the complaint.

**Findings of Court—Decision not Warranted by Facts Found.**

Also that, in this case, the allegation of plaintiff's residence was put in issue by the answer, and found untrue by the court; and therefore the findings of fact did not justify a conclusion of law that plaintiff was entitled to divorce.

**Divorce in Foreign State—Jurisdiction.**

A divorce granted in a state in which neither party is domiciled or resident is void for want of jurisdiction of the subject-matter. State v. Armington, 25 Minn. 29, followed.

**Same—Collateral Attack for Lack of Jurisdiction.**

Where such a decree of divorce comes collaterally in question, in an action in another state, it may be impeached on the ground of want of jurisdiction of the court granting it, although the record recites or finds the jurisdictional fact of residence.

75 M.—28

Action in the district court for Ramsey county for divorce. The case was tried before O. B. Lewis, J., who found that plaintiff was entitled to a judgment of divorce and for the sum of $5,000 alimony. From an order denying a motion for a new trial, defendant appealed. New trial granted as to one issue.

*J. N. Castle*, for appellant.

*C. D. & Thos. D. O'Brien*, for respondent.

MITCHELL, J.

This was an action for divorce on the ground of cruel and inhuman treatment, the complaint alleging that "ever since and before the 6th day of May, 1872, she [the plaintiff] has been a citizen and resident of the state of Minnesota, and for some time last past she has been, and is now, a resident of the county of Ramsey, in said state." The defendant in his answer denied each and every allegation in the complaint "not hereinafter admitted, qualified or denied." The allegation of the complaint as to plaintiff's residence was not one of the things "hereinafter admitted, qualified or denied" in the answer. The answer further denied the alleged acts of cruel and inhuman treatment, and set up a decree of divorce of the defendant from the plaintiff rendered by a court of North Dakota in the spring of 1894, while the defendant was a resident of, and domiciled in, the city of Fargo, in that state. In her reply the plaintiff denied that the defendant had ever been domiciled in, or a resident of, the state of North Dakota, but alleged that during all the time both he and she had been residents of the state of Minnesota, and that the court of North Dakota never had any jurisdiction of the subject-matter of a divorce between the parties.

The trial court found that the allegations of the complaint as to the marriage and ages and children of the parties, and as to the cruel and inhuman treatment of the plaintiff by the defendant, were true; also that the defendant had been a citizen and resident of this state from May 6, 1872 (the date of the marriage of the parties), up to the present time, and was still a resident of the state. The court then added: "Save as aforesaid, the court finds the allegations of the pleadings to be untrue." Upon the trial the defendant introduced in evidence the judgment roll in the divorce

suit in North Dakota, from which it appeared that there had been no personal service of the summons upon the plaintiff, and that she had never appeared in that action. As a conclusion of law, the court held that the plaintiff was entitled to a decree of divorce from the bonds of matrimony.

1. Two of the assignments of error are that the court erred (1) in finding that the defendant had been a continuous resident of this state since May, 1872; and (2) in not giving full faith and effect to the decree of divorce rendered in North Dakota.

The evidence abundantly justified the court in finding that the defendant was always a resident of, and domiciled in, this state since May, 1872, and hence never acquired either residence or domicile in the state of North Dakota. It is also clear from the evidence that he never had any bona fide intention of removing to North Dakota; that he never acquired a residence there, but merely went there temporarily, for the express and sole purpose of obtaining a divorce. The evidence is conclusive that the plaintiff was not a resident of North Dakota. It is the settled doctrine of this court that, upon these facts, the courts in North Dakota had no jurisdiction to dissolve the marriage relation between these parties, and that the pretended judgment of divorce is an absolute nullity. State v. Armington, 25 Minn. 29. The fact that the record in the North Dakota divorce suit contains a recital or finding that the defendant was a resident of that state did not preclude the plaintiff in this action, in this state, where that divorce comes collaterally in question, from showing that the defendant never was in fact a resident of that state. This is in accord with the general rule, which allows the impeachment of a judgment of a sister state on the ground of the want of jurisdiction, even in contradiction of the record. 2 Black, Judg. § 930; 2 Freeman, Judg. § 580. This is all that need be said on this point.

2. G. S. 1894, § 4792, provides that

"No divorce shall be granted, unless the complainant has resided in this state one year immediately preceding the time of exhibiting the complaint, except for adultery committed while the complainant was a resident of this state."

The fact of the complainant's residence is jurisdictional, and must be alleged in the complaint. 2 Bishop, Mar. & Div. § 593; 7 Enc. Pl. & Pr. 67, 68; 5 Am. & Eng. Enc. (1st Ed.) 774, 775, and cases cited.

In this case the allegations of the complaint as to plaintiff's residence were put in issue by the general denial in the answer, and found untrue by the general finding that, "save as aforesaid, the court finds the allegations of the pleadings to be untrue." Upon this finding the court ought to have ordered judgment for the defendant, not on the merits, but of dismissal. After reading the record, we have no doubt that this general finding was an inadvertence on the part of the court, resulting from the fact that the question of plaintiff's residence does not appear to have been litigated on the trial. It merely crops out in the testimony of some of the witnesses, while being examined on other subjects, that, after being compelled to leave her home on account of the cruelty of her husband, the plaintiff went for a time to live with her daughter in Milwaukee. It is suggested by counsel for the plaintiff that no such question was raised in the court below, and therefore the defendant ought not to be allowed to raise it on appeal in this court. But it is presented by the record, and the findings as they stood will not support the judgment ordered.

It is therefore adjudged that the order denying a new trial be affirmed, except as respects the issue of plaintiff's residence, and as to that issue alone a new trial be, and hereby is, granted; and that the court below is directed to order either judgment on the merits in favor of the plaintiff, or a judgment of dismissal in favor of the defendant, according as he may find on the issue of residence. It is further ordered that neither party shall be entitled to statutory costs on this appeal.