EVA SALZBRUN v. HENRY SALZBRUN.[1]

October 29, 1900.

Nos. 12,359—(90).

### Divorce—Residence of One Year—Judgment.

Judgment for an absolute divorce, upon a complaint and findings of fact that do not disclose a previous residence of one year in this state by the party exhibiting the same, *held* void. Thelen v. Thelen, 75 Minn. 433, followed.

### Findings—Limited Divorce—Review on Appeal.

Where findings of fact would support a judgment for limited divorce, under G. S. 1894, § 4814, and the trial court decrees an absolute divorce, it does not follow that such judgment can be modified by a court of review, so as to grant a limited divorce between the parties.

### Cruel Treatment.

Upon findings of cruel and inhuman treatment that would support a judgment for either limited or absolute divorce, it is a matter resting solely in the sound discretion of the trial court, upon all the circumstances of the case, which relief should be granted.

Action in the district court for Brown county for a limited divorce. The case was tried before Webber, J., who made findings of fact, and as conclusion of law found, among other things, that plaintiff was entitled to judgment. dissolving the bonds of matrimony. From a judgment entered pursuant to the findings, defendant appealed. ·Reversed.

*Einar Hoidale,* for appellant.

*Somerville & Olsen,* for respondent.

LOVELY, J.

Plaintiff sued for a limited divorce from her husband, under G. S. 1894, §§ 4814–4820, inclusive. The allegation of residence of the parties in the complaint is

"That the plaintiff and defendant are each of them inhabitants of this state, and are each of them residents of, and residing in, the county of Brown, in this state."

[1]Reported in 83 N. W. 1088.

In addition to this averment, sufficient facts are undoubtedly set forth to constitute a cause of action for either an absolute or limited divorce for cruel and inhuman treatment. The defendant, answering, admits the allegations of residence stated in the complaint, but denies any cruelty, and alleges bad conduct and unkind treatment on the part of his wife, and prays that he may be granted an absolute divorce from the bonds of marriage; to which answer plaintiff replies, setting up matters in explanation of the affirmative charges made in the answer, and prays judgment as asked for in the complaint.

This cause was tried to the court, who found that the residence of the parties was as set forth in the complaint, and, further, that specific acts of cruel and inhuman treatment had been committed by the defendant sufficient, in substance, to sustain either an absolute or a limited divorce. As a conclusion of law, the court found that the plaintiff was entitled to an absolute divorce dissolving the bonds of marriage between the parties; also to alimony and counsel fees. Judgment dissolving the bonds of marriage was, upon these findings, duly entered. From this judgment defendant appeals.

No case or bill of exceptions has been settled, and the record brought here only embraces the pleadings, findings of the court, and judgment, so that on this return the single question that can be considered is whether the conclusions of law and judgment are supported by the pleadings and facts found by the trial court.

It is contended on the part of defendant that the complaint does not allege, nor does the court find as a fact, that the plaintiff had resided in this state one year previous to the commencement of the action, and that such a finding is essential to support a judgment for absolute divorce. While the answer asks for a divorce absolute, it likewise fails to allege a residence of either of the parties within the state for a sufficient length of time to authorize the court to grant such relief upon the ground of cruel and inhuman treatment. It has been held by this court that the provisions of G. S. 1894, § 4792, which require residence by plaintiff of one year previous to the exhibition of the complaint for any ground of divorce except adultery, are jurisdictional, and necessary to support a judgment there-

for. Thelen v. Thelen, 75 Minn. 433, 78 N. W. 108. And it follows that the judgment for an absolute divorce in this case, based upon pleadings and findings of fact that do not show the requisite residence of the parties, was void. State v. Armington, 25 Minn. 29; Thelen v. Thelen, supra.

There is no doubt, however, that the court might, under the provisions of law authorizing limited divorces, if its judgment authorized such a course, have granted that relief upon the complaint and the findings in this case, since the only provision for residence of the parties made a prerequisite for a divorce from bed and board is that they shall be "inhabitants of this state" (G. S. 1894, § 4814); and we are asked by the plaintiff to modify the judgment by granting a limited divorce, since it is claimed such relief is supported by the findings, and included in the result reached by the trial court. We are unable to adopt this view.

It has been held by this court that a divorce from bed and board may be awarded in an action where an absolute divorce cannot be, if the court finds that such relief is justified by the evidence, and a limited divorce is asked for in the alternative. Wagner v. Wagner, 36 Minn. 239, 30 N. W. 766. While it is true, as held in the case last cited, that either form of relief could be granted in a proper cause upon a complaint for cruel and inhuman treatment, yet it does not follow necessarily that a limited divorce should be granted where judgment for absolute divorce would be ordered by the trial court. There are substantial reasons that might well affect the judgment of the court actually acquainted with the situation of the parties litigant, developing on the trial, in withholding a limited divorce where an absolute divorce would be granted. The possibility of a reconciliation; the interests of children; the disposition, temperament, habits, and perhaps measure of wrong, where both are to blame; the time it should continue, as well as the interests of society; and perhaps other conditions,—might well affect judicial action in deciding that question. While it might be strictly legal, when controlled by the pleadings, to grant either relief, it must be a matter essentially addressed to sound judicial discretion, on the whole case, as to which kind of a decree of separation should be ordered; for it is impossible to define or lay down an exact rule that

81 M.—19

must govern the action of the trial court in this respect in all cases, and we cannot, therefore, say that it follows that the trial court in this case would upon the evidence have granted a limited divorce because it had determined that cruel and inhuman treatment justified an absolute divorce, which it could not, for want of residence, award. Before the judgment in that respect can be modified in this case, there is still an important question which the trial court, rather than a court of review, must determine.

The judgment is reversed, and the case remanded, with directions to the court below to amend its conclusions of law, either denying a divorce entirely, or to decree a limited divorce, as it shall be advised, in the exercise of its best discretion.

Judgment reversed.