## ELIZABETH WILSON v. ROBERT WILSON.[1]

### July 14, 1905.

### Nos. 14,407—(187).

**Divorce.**

> In an action for divorce the complainant must have resided in the state one year immediately preceding the time of exhibiting the complaint. Section 4792, G. S. 1894; Thelen v. Thelen, 75 Minn. 433. This section applies to actions brought to annul a marriage void or voidable on the ground of fraud under sections 4785–4789.

**Insanity of Defendant.**

> Conceding that, under our statutes, jurisdiction may be obtained in a divorce action by the service of summons and complaint personally upon an insane defendant, it is suggested as a safe rule of practice that the trial court should require the appointment of a guardian ad litem to appear for and protect the interests of the unfortunate at the trial and during all subsequent proceedings.

Action in the district court for Hennepin county to annul the contract of marriage between plaintiff and defendant on the ground of fraud on the part of defendant in concealing the fact of his previous insanity. At the time the action was commenced plaintiff had resided in the state less than one year. Defendant had again become insane and was confined in an asylum. He was personally served with the summons, but did not appear or answer, and no guardian ad litem was appointed for him. The case was tried before Brooks, J., who made findings of fact and as conclusion of law found that the action should be dismissed. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*Wm. H. Hallam,* for appellant.

Marriage is a civil contract (G. S. 1894, § 4768), and may be annulled for fraud. DiLorenzo v. DiLorenzo, 174 N. Y. 467; Hides v. Hides, 65 How. Pr. 17; Donovan v. Donovan, 9 Allen, 140; 2 Nelson, Div. & Sep. §§ 600, 651; Keyes v. Keyes, 6 Misc. (N. Y.) 355; King v. Brewer, 8 Misc. (N. Y.) 587. Concealment of material fact con-

[1] Reported in 104 N. W. 300.

stitutes fraud and renders the contract voidable. Crane v. Crane, 49 Atl. (N. J. Eq.) 734; Svenson v. Svenson, 78 App. Div. 536.

This action is not premature. Section 4787, G. S. 1894, gives the right of action to a resident of Minnesota. No particular period of residence is specified or required. So it is also in case of limited divorces. G. S. 1894, § 4814; Salzbrun v. Salzbrun, 81 Minn. 287, 289.

The court has jurisdiction of the defendant. Personal service upon an insane person confers jurisdiction. A judgment rendered against him in such action is neither void nor voidable and cannot be reversed for error. Sacramento v. Spencer, 53 Cal. 737; Prentiss v. Cornell, 31 Hun, 167, affirmed 96 N. Y. 665; Ingersoll v. Harrison, 48 Mich. 234; 16 Am. & Eng. Enc. (2d Ed.) 601; Stigers v. Brent, 50 Md. 214, 221; Noel v. Modern Woodmen, 61 Ill. App. 597; Maloney v. Dewey, 127 Ill. 395, 404.

A guardian can only be appointed by authority of the statute. There is no statute which provides that the court, or the plaintiff, can move for a guardian of this defendant. Section 4555, G. S. 1894, expressly applies to persons under guardianship. It does not refer to others. Defendant has no guardian. But if section 4555 be applied to all cases of insanity, it does not deal with matters of service or jurisdiction, but only with the manner of conducting the action.

No appearance for respondent.

LEWIS, J.[2]

This is an action for divorce, brought by plaintiff upon the ground of fraud alleged to have been perpetrated upon her at the time of her marriage by the wilful and fraudulent concealment by defendant of the fact that he had been afflicted with insanity. Complaint and summons were served personally on defendant while an inmate of an insane asylum in Canada, plaintiff then having resided in this state for the period of only thirty-five days. There being no appearance on the part of defendant, proofs were offered in behalf of plaintiff; and the court found the facts as alleged, but dismissed the action, presumably upon the merits. Having concluded that the judgment must be affirmed upon the ground that the action was prematurely brought, we refrain

[2] START, C. J., absent.

from expressing any opinion as to whether the facts constitute a fraud, within the meaning of section 4787, G. S. 1894.

Under our statute, it would seem that jurisdiction may be obtained by the service of summons and complaint upon an insane party personally, but what proceedings should be taken thereafter to protect his interests does not seem to have been considered by the trial court. We will pass the subject at this time with the suggestion that, even if jurisdiction may be thus secured, it would at least be desirable, and perhaps mandatory, that the trial court require the appointment of a guardian ad litem to protect the interests of respondent at the trial and during the subsequent proceedings.

Section 4792, G. S. 1894, provides that no divorce shall be granted unless the complainant has resided in this state one year immediately preceding the time of exhibiting the complaint, etc. Thelen v. Thelen, 75 Minn. 433, 78 N. W. 108. Plaintiff submits that this section has no application to actions brought to annul void or voidable marriages under the provisions of sections 4785—4789, but has application only to actions brought for divorce upon grounds which occur subsequent to the marriage, assuming the marriage to be valid. We are not impressed with this suggestion, and our view is that the term "divorce," in section 4792, was used advisedly, having reference to the entire subject of procedure by action to secure annulment of the marriage. Reference to the origin of the statute throws light on the subject. Chapter 62 of the General Statutes bears the general heading, "Divorce," and had its origin in chapter 66 of the Statutes of 1851, and, as originally enacted, contained the same general provisions as now exist under the general head "Divorce." It is not reasonable to suppose that the legislature intended to make any distinction when at a later period what is now section 4792 was added.

Having disposed of this appeal upon a purely jurisdictional question, the judgment is affirmed, without prejudice to the right of plaintiff to bring a future action for the cause alleged in the complaint, if so advised.

Judgment affirmed.