[Sac. No. 1576. In Bank.—March 16, 1908.]

ALICE E. HINER, Respondent, v. J. E. HINER, Appellant.

HUSBAND AND WIFE—NON-RESIDENT WIFE MAY MAINTAIN ACTION FOR MAINTENANCE.—Under section 137 of the Civil Code, a non-resident wife may maintain an action in this state against a resident husband for permanent support and maintenance when she has cause for a divorce against him under section 92 of that code.

APPEAL from an order of the Superior Court of Sonoma County granting an allowance to a wife for alimony in an action for maintenance. Emmet Seawell, Judge.

The facts are stated in the opinion of the court.

J. M. Thompson, for Appellant.

J. W. Oates, for Respondent.

LORIGAN, J.—The plaintiff, who is the wife of defendant, brought this action against him in the county of Sonoma to obtain a judgment for permanent support of herself and minor children under section 137 of the Civil Code without asking for a divorce.

The complaint filed on February 9, 1906, alleged the marriage of the parties in 1902; set forth facts constituting desertion of plaintiff by defendant under the laws of this state; alleged that such desertion of plaintiff took place in the state of Washington in October, 1902; that plaintiff is a resident of said state of Washington and that defendant, since shortly after October, 1902, has been and now is a *bona fide* resident of Sonoma County, this state, and by further apt allegations set forth the poverty of plaintiff and the failure of the defendant to support her and their minor children since the date of his desertion.

The defendant demurred to the complaint, challenging the sufficiency of the facts stated to constitute a cause of action and questioning the jurisdiction of the court over the subject-matter of the controversy. Before the demurrer was disposed of plaintiff moved the court for alimony *pendente lite* and for costs and counsel fees, which, though resisted by defendant, the court granted.

This appeal is taken by defendant from such order of allowance and the only question presented for consideration is: Can a non-resident wife maintain an action in this state against a resident husband for permanent support and maintenance when she has cause for a divorce against him under the law of this state?

This is the first time this particular question has arisen in this court and it is to be solved from an examination of the various provisions of the code bearing upon the inquiry and these consist of sections 92, 128 and 137 of our Civil Code.

Section 92 declares the several causes for which a divorce may be granted in this state and enumerates "willful desertion" as one of them. Section 128 provides that "a divorce must not be granted unless the plaintiff has been a resident of this state for one year and of the county in which the action is brought three months next preceding the commencement of the action." That portion of section 137 pertinent to the question here declares that "when the wife has any cause of action for divorce, as provided in section 92 of this code, she may, without applying for a divorce, maintain in the superior court an action against him for permanent support and maintenance of herself, or of herself and children."

The principal point to be considered upon this appeal is as to the meaning of the language used in this latter section. To simplify matters it may be stated that no question is made upon this appeal but that the complaint states one of the causes for divorce—willful desertion—mentioned in section 92.

The claim of counsel for appellant is that plaintiff could only maintain an action for permanent support under the provisions of section 137 if she had a "cause of action for divorce" against defendant, and that to constitute a cause of action for divorce in this state there must not only exist in her favor one of the "causes for divorce" mentioned in section 92, but she must also have been a resident of the state for the period required by section 128; that sections 92 and 128 must be considered together for the purpose of determining whether plaintiff has a cause of action for divorce or not.

We make no question of the accuracy of appellant's claim that residence is an essential element to a cause of action

where a divorce itself is sought, because the law so declares, but we cannot agree with his claim that residence was intended by the legislature as an essential element in the "cause of action" mentioned in section 137. We perceive no impelling reason which calls upon us, in determining what is meant by the cause of action referred to in section 137, to consider in connection with section 92, which is referred to in it, also section 128, which is not. There is certainly no rule of construction that requires us to do so.

Section 128 deals exclusively with divorce, and the object of the legislature in requiring a residence of one year in this state before a divorce can be obtained is quite apparent. It was intended by requiring a residence of a permanent character, to prevent persons who could not obtain divorce in the state or country of their real residence, from establishing temporary residence here for the purpose of doing so. The policy of the law is against allowing divorces and they are only allowed in this state in the enumerated cases in section 92. The spirit of section 128 is to prohibit them entirely from being granted in this state except to *bona fide* residents thereof. That is its only purpose. The section was never intended by the legislature to be invoked in the construction of section 137 so as to defeat the right of the wife to enforce against the husband resident here, the marital obligation of supporting her and their minor children which that section conferred. The policy of the law, as illustrated by the enactment of section 137, is to afford the wife, when cause for a divorce exists under section 92, the right to enforce support from her husband, which springs from the marital *status,* without praying for or requiring a total dissolution of such *status.* Public policy defends the wisdom of a provision of law requiring that the plaintiff shall be a *bona fide* resident of the state, the jurisdiction of whose courts is invoked to obtain a divorce. Its purpose is to prevent a fraud upon the law of the state by non-residents and is in aid of restricting the dissolution of the marriage *status* except at the suit of a resident of this state. There is, however, no possible consideration of public policy which could be suggested in support of precluding a non-resident wife, or a wife resident here for less than a year, from invoking the aid of our courts to compel support from her husband

who is a *bona fide* resident of the state. The policy of the
present age, following an instinct of humanity and justice,
and crystallizing it into legislative enactment, has been to
afford facilities to the wife to compel the delinquent husband
to discharge his marital duty of support without seeking a
divorce, and no one has ever deprecated the justice or wis-
dom of the provision except the delinquent husband himself.
Particularly in this country has the doctrine of our courts
and the legislation of the states furthered that right. Under
the rule prevailing in the English system a court of equity
could not decree a specific performance of the marital obli-
gation on the part of the delinquent husband by requiring
him to furnish his wife separate maintenance; that the only
remedy was in a court of law by action against the husband
in favor of any one who was considerate enough to supply
her with the necessaries of life; that the jurisdiction of
awarding alimony to the wife rested with the spiritual courts,
could only be granted in those courts, and then only as an
incident to a decree of divorce.

A more reasonable doctrine early obtained in most of the
American courts and it was held that under its general
powers, a court of equity, was authorized in the case of aban-
donment of the wife by the husband, to award her, at her
own suit, a decree for separate maintenance against her hus-
band without any application for a divorce. It was so held
in this state before there was any legislation upon the sub-
ject. (*Galland* v. *Galland,* 38 Cal. 265.) Subsequently it was
provided by section 137, and so stood before the amendment
of 1895 which is now under consideration, that the wife
might maintain an action for separate maintenance without
applying for a divorce "when the husband willfully deserts
the wife." This original section extended such right only
in cases of willful desertion. In 1895 the present section
was passed which extended the right not only where there
had been willful desertion, but to all cases where the wife
has any cause of action for divorce as provided in section
92 of this code. The purpose of the amendment was to en-
large the right of action in favor of the wife. It is remedial
in its character and the rule is that remedial statutes are to be
liberally construed. Now, considering the remedy which
the legislature by the section intended to afford to the wife,

CLIII Cal.—17

which was the right of separate maintenance without the necessity of suing for divorce, we perceive no reason why the language of the section conferring it should be construed to mean that before she could invoke this particular remedy she should, through residence for the statutory period, be able to invoke the remedy for divorce, which she did not desire, and which the section declares she need not apply for. What the legislature intended was to accord the wife the right to compel the husband to discharge his marital obligation of support, and while it provided that this could be enforced without asking for a divorce when the "wife has any cause of action for divorce as provided in section 92 of this code" the cause of action referred to consisted solely of the existence of one of the "causes for divorce" mentioned in section 92 as affording a basis for divorce. There is no rule that requires that the term "cause of action" shall be given a strict technical construction. As is said in Cyc., vol. I, p. 643: "As with most legal terms it often becomes necessary, acting upon the well-settled rules of construction, to depart from the technical meaning and use of the words 'cause of action' when contained in statutes, . . . in order to carry out the intention of the legislature. . . ." Now applying this rule to the further consideration of this question. Section 92 declares what shall constitute "causes for divorce," and when the legislature in section 137 authorized an action by the wife for separate maintenance where she had "a cause of action for divorce as provided in section 92," the cause of action referred to was intended to mean the existence of any of the causes for divorce which were specified in the latter section; that while for the purpose of constituting a cause of action where dissolution of the marriage relation was sought, residence according to section 128 was essential, still, for the purpose of sustaining an action for maintenance without divorce, the existence of "cause for divorce" as provided in section 92 constitutes the cause of action, and was all that was necessary or required. We think this is a reasonable and just construction to be given to section 137, and is in accord with the language used in it. It was undoubtedly a question for the legislature to declare under what conditions it should accord the right to a married woman to maintain an action for separate maintenance. If it had intended that she should not

have that right unless a resident of the state for a year, it would have said so plainly. It could have declared it by referring to section 128 as well as section 92, in enacting section 137. Or, if it was intended that residence should have any application to the right of action referred to in section 137, it could have amended section 128 so as to declare that a divorce or judgment for permanent support shall not be granted unless plaintiff has resided in the state a year. The fact that it neither referred to that section nor amended it, but referred solely and specifically to section 92, is persuasive evidence that the right of a wife to sue for support was to be measured alone by the existence of a cause for divorce, as provided in section 92 referred to, and is the cause of action meant, and that section 128 was not intended to have any application.

Aside from this, effect must be given to all the language used in section 137. It may not be assumed that any words employed in it were used idly. And if it was not intended by referring to section 92 to declare that the existence of the ''cause for divorce'' provided therein should constitute the cause of action for separate maintenance, then the reference to that section was idle. If it had been intended by the legislature that residence for the required period should enter as an element in the cause of action for separate support which it was conferring under section 137, it would have been entirely unnecessary to refer to section 92 at all. If that was the intention, it would have been effectually disclosed by simply providing that ''when the wife has any cause of action for divorce . . . she may maintain'' such action for support. No reference to section 92 would then have any place or purpose, because there are no other causes for divorce except as stated in that section, and to have referred to causes for divorce generally would have accomplished every purpose, and have left no room for doubt but that residence for the statutory period would have been essential as an element to the cause of action mentioned in section 137.

On the other hand, by referring to section 92 and authorizing suit by the wife for permanent support without divorce when she has a cause of action for divorce as therein provided, the only effect and purpose of the reference to such section must have been to declare that a cause of action for main-

tenance is complete when any cause or ground for divorce exists in her favor, and that her right to sue is to be measured alone by the existence of any such cause for divorce, and that residence under section 128 was not intended to enter as an essential element to its maintenance. And there is every just reason why this should have been the intention of the legislature and that such a construction should be put on the language of the section.

Section 128 has reference solely to the dissolution of the marriage; section 137 solely to conferring a right to secure support without applying for a dissolution. The one was intended to prevent a fraudulent use of the courts of this state by temporary residents to obtain the divorces here which they could not obtain in the states where they properly resided; the other in aid of the right of a wife to compel the husband to fulfill his marital obligation to support her and his minor children. While restricting divorces is a matter of public policy, enforcing the obligations of the husband to support his family is a matter of justice and duty to be exercised as well in favor of a non-resident as a resident wife, against a husband who is *bona fide* a resident of this state. It was undoubtedly in this spirit that the legislature declared that this obligation might be enforced and that the right to do so should exist when the wife had a cause of action as declared in section 92. It is not consonant with justice, nor is it warranted by the terms of section 137, to say that the legislature meant, in addition to the existence of a cause for divorce under section 92, that the plaintiff should also be a resident for a year before she would be entitled to maintain an action for her support. Happily it is not the law for, while section 128 is intended to apply solely to actions where a divorce itself is sought, and to prevent this state from being made a resort in which to obtain a divorce by imposition upon our courts under a fraudulent claim of residence, it was not intended to apply under section 137 as a basis for preventing a non-resident deserted wife having a cause of action under section 92 of the code from obtaining the benefit of its provisions.

We are cited by counsel for appellant to certain decisions from Florida which he contends sustain the views he urges here. They do to some extent, but the statutes of Florida are

so different from our code provision 137 that these cases do not aid us in the construction of our section of the code.

The order appealed from is affirmed.

Henshaw, J., Angellotti, J., Sloss, J., and Shaw, J., concurred.