[S. F. No. 9835. In Bank.—September 13, 1922.]

## MINNIE GRACE BULLARD, Appellant, v. HARRY BULLARD, Respondent.

[1] MAINTENANCE—CROSS-COMPLAINT FOR DIVORCE—PLEADING—RESIDENCE OF PLAINTIFF.—A cross-complaint for divorce in an .action for separate maintenance should allege that the plaintiff has been a resident of the state one year, and of the county in which the action is brought three months, next preceding the commencement of the action.

[2] ID. — OMISSION OF ALLEGATION — NONAIDER BY OTHER PLEADINGS OR FINDINGS.—The omission to allege in a cross-complaint for divorce in an action for separate maintenance that the plaintiff has been a resident of the state one year and of the county in which the action is brought three months next preceding the commencement of the action cannot be cured or helped by any allegations or admissions contained in any of the other pleadings nor aided by the findings.

[3] ID.—RESIDENCE OF PLAINTIFF—EVIDENCE—UNCORROBORATED TESTIMONY—INSUFFICIENCY TO SUSTAIN FINDING.—The uncorroborated

---

1. Necessity of alleging jurisdictional residence in divorce proceedings, note, 12 L. R. A. (N. S.) 1197.

Character of residence essential to give jurisdiction in divorce proceedings, notes, 12 L. R. A. (N. S.) 1100; 28 L. R. A. (N. S.) 992; L. R. A. 1915D, 852.

testimony of the plaintiff in an action for divorce is legally insufficient to sustain a finding that the plaintiff has been a resident of the state one year and of the county in which the action is brought three months, next preceding the commencement of the action.

[4] ID.—CODE AMENDMENT OF 1911—IMMATERIALITY OF RESIDENCE OF CROSS-COMPLAINANT—INAPPLICABILITY TO DIVORCE IN MAINTENANCE ACTION.—The proviso which was added in 1911 to section 128 of the Civil Code that a cross-complainant in an action for divorce need not be or have been a resident of the state or of the county in which the action is brought or pending in order to entitle such cross-complainant to a divorce in said action, does not apply to a cross-complaint for divorce in an action for separate maintenance, in which there is no residence requirement, since a contrary construction would make possible the procuring of a divorce between two spouses neither of whom was a resident of the county in which the action was brought.

[5] ID.—OMISSION OF ALLEGATION—FAILURE TO ADVISE TRIAL COURT—NONWAIVER OF DEFECT.—The omission to allege in a cross-complaint for divorce in an action for separate maintenance that the plaintiff has been a resident of the state one year and of the county in which the action is brought three months, next preceding the commencement of the action goes to the very foundation of the defendant's right to recover and is not waived by the failure to call such omission to the attention of the trial court.

[6] ID.—EFFECT OF OMISSION—JURISDICTION.—The omission to allege in a cross-complaint for divorce that the plaintiff has been a resident of the state one year and of the county in which the action is brought three months, next preceding the commencement of the action, does not deprive the court of jurisdiction, but renders it erroneous to grant the cross-complainant a divorce.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Reversed.

The facts are stated in the opinion of the court.

Joseph A. Brown and F. H. Dam for Appellant.

Walter E. Dorn and L. W. Lovey for Respondent.

4. Jurisdiction of court to grant divorce upon cross-petition of non-resident defendant, note, 9 Ann. Cas. 1200.

MYERS, J., *pro tem.*—Appellant commenced this action, for separate maintenance without divorce, in the superior court of the city and county of San Francisco, where she resided. Defendant, a resident of Alameda County, filed a cross-complaint for divorce on the ground of extreme cruelty. The trial court denied plaintiff any relief and awarded the defendant an interlocutory decree of divorce on his cross-complaint, from which the plaintiff appeals.

Appellant urges, with much force and reason, that the acts of alleged cruelty relied on (consisting solely in the use of offensive language on five occasions) could not possibly, under the circumstances as disclosed by the evidence, have inflicted grievous mental suffering upon the respondent, and that, therefore, the finding of the trial court upon this issue is without support in the evidence. But, inasmuch as this judgment must be reversed on another ground which is determinative against any right of recovery upon the cross-complaint herein, it is unnecessary to here determine the question thus raised.

[1] The defendant, to whom the decree of divorce was awarded upon his cross-complaint, was at no time a resident of the city and county of San Francisco, in which the action was commenced and tried. Section 128 of the Civil Code provides that "a divorce must not be granted unless the plaintiff has been a resident of the state one year, and of the county in which the action is brought three months, next preceding the commencement of the action." There is much reason for concluding that in construing this section, as applied to a case wherein the action is for separate maintenance with a cross-action for divorce, the word "plaintiff" should be construed to mean "cross-complainant." But it is not necessary here to so hold. If we should assume, in accordance with defendant's contention, that the requirements of this section would be satisfied in such a case if the original plaintiff were a resident of the state and county for the prescribed period, we are met by the fact that there is no allegation of such a situation in defendant's cross-complaint. The only allegation as to residence in the cross-complaint is an allegation that the *defendant* was a resident of the county of Alameda, state of California. There is no allegation as to the *plaintiff's* residence. An allegation of the residence required by statute is necessary to state a

cause of action for divorce and is equally essential in a cross-complaint for divorce (*Coulthurst* v. *Coulthurst*, 58 Cal. 239, 240). [2] The absence of such allegation in a cross-complaint cannot be cured or helped by any allegations or admissions contained in any of the other pleadings. (*Durham* v. *McDonald*, 34 Cal. App. 744, 749 [168 Pac. 1063].) Neither can it be aided by the findings in this respect (*Collins* v. *Bartlett*, 44 Cal. 371, 381). [3] Furthermore, assuming the sufficiency of the finding as to plaintiff's residence, it is supported only by the uncorroborated testimony of the plaintiff herself, and this is legally insufficient to sustain it (*Flynn* v. *Flynn*, 171 Cal. 746, 748 [154 Pac. 837]).

[4] It was urged upon the oral argument that the objection here under consideration is met by the proviso which was added in 1911 (Stats. 1911, p. 686), to section 128 of the Civil Code, providing that "a cross-complainant in an action for divorce need not be or have been a resident of the state or of the county in which the action is brought or pending in order to entitle such cross-complainant to a divorce in said action." To the point that this proviso does not apply here because this is not "an action for divorce," but an action for separate maintenance, the suggestion is made that this is a "cross-action for divorce" and should therefore be held to be within the application of the proviso. Such a construction, aside from the fact that it would be somewhat strained, would do violence to the apparent intent and purpose of the legislature, and ought not to be adopted. That purpose was "to prevent a fraudulent use of the courts of this state by temporary residents to obtain the divorces here which they could not obtain in the courts where they properly resided." (*Hiner* v. *Hiner*, 153 Cal. 254, 260 [94 Pac. 1044, 1047].) Inasmuch as there is no residence requirement in an action for separate maintenance (*Hiner* v. *Hiner*, *supra*, such a construction of the statute would make possible the procuring of a divorce in the courts of this state between two spouses neither of whom had ever been a resident here. All that would be required would be that the nonresident wife should commence an action here for separate maintenance and the nonresident husband file a cross-complaint therein for divorce.

[5] We must hold that the granting of the decree of divorce to the defendant herein, who was a nonresident of the county in which the action was commenced and tried, was in violation of the mandatory provisions of this section. It should be noted that this point was not called to the attention of the learned judge at the trial below. But as it is one which goes to the very foundation of the defendant's right to recover it cannot be held to have been waived by such omission.

[6] The point as presented in appellant's brief was to the effect that "the court was without jurisdiction to grant the defendant a divorce," because of the matters stated above. To this the respondent makes answer that by the filing of the complaint for separate maintenance and the service of summons upon the defendant the court acquired jurisdiction of the parties and the subject matter, which it thereafter retained for all purposes of the action. Both of these arguments misconceive the real nature of the objection. It is not a question of the lack of jurisdiction, as was pointed out by this court in *Estate of McNeil,* 155 Cal. 333 [100 Pac. 1086], but of error in the exercise of jurisdiction. The court undoubtedly had jurisdiction in this case, but erred in deciding that the defendant was entitled to a decree of divorce. In response to the contention that defendant had a right to file the cross-complaint herein, which was expressly granted to him by section 442 of the Code of Civil Procedure, applicable alike to resident and nonresident defendants, it may be conceded that he had such right. But it does not follow that he was entitled to the relief therein sought.

The judgment is reversed.

Lennon, J., Richards, J., *pro tem.,* Waste, J., Lawlor, J., and Shaw, C. J., concurred.