## RUTH JOAN MARIE WYMAN v.
## JAMES SAMUEL WYMAN.

212 N. W. 2d 368.

November 9, 1973—No. 43898.

*James R. McClure,* for appellant.
*L. Charles Peterson,* for respondent.

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

YETKA, JUSTICE.

This is an appeal by plaintiff, Ruth Joan Marie Wyman, from a summary judgment entered in the district court. The judgment was granted in proceedings wherein a counterclaim for divorce was interposed by the defendant, James Samuel Wyman, in answer to plaintiff's complaint for support. We reverse and dismiss defendant's counterclaim on our own motion, it appearing from the face of the record that defendant is a Wisconsin resident and the trial court was without jurisdiction of the subject matter.

Late in 1966, plaintiff brought an equitable action for an accounting of income and expenditures and for support against her husband, who she alleged had been absent from their home since July, 1965.

In her complaint, plaintiff expressly disavowed any intention of bringing an action for either divorce or separate maintenance. Her action, she contends, was solely to enforce her common-law right of support. An answer was duly served and filed by defendant asking for dismissal.

Concurrent with the filing of her complaint, plaintiff moved the court for an order for support during the pendency of her action. On December 23, 1966, the trial court, following a hearing on plaintiff's motion, ordered James Wyman to "pay to the plaintiff as and for her support and that of the minor children of the parties the sum of $50 per week." Defendant thereafter made the required payments but did not return to the home of the parties.

No note of issue for trial was ever filed in plaintiff's original equitable action.

In May 1971, defendant moved for leave to amend his answer to plaintiff's original complaint in order to counterclaim for divorce. Asserted by defendant as a ground for divorce was Minn. St. 518.06, which reads in pertinent part:

"A divorce from the bonds of matrimony may be adjudged by the district court for any of the following causes:

\* \* \* \* \*

"(8) \* \* \* continuous separation under an order or decree of separate maintenance for a period of two years immediately preceding the commencement of the action."

The record shows on its face that in May 1971, when defendant sought leave to amend his answer, he was a Wisconsin resident.

Defendant was nevertheless granted leave to amend his answer. He then interposed a counterclaim for divorce, pleading the following jurisdictional facts:

"That the plaintiff and defendant have resided in the State of Minnesota for more than one year immediately preceding commencement of the *plaintiff's action* and the exhibiting of the complaint herein." (Italics supplied.)

Plaintiff replied, alleging that the order of December 23, 1966, was not an order or decree of separate maintenance but instead an equitable order for support based upon the common-law duty of a husband to support his wife. Defendant moved for, and was granted, summary judgment on the sole issue of whether the 1966 order constituted an order or decree of separate maintenance within the meaning of § 518.06(8), and this appeal followed. Because this judgment is reversed on another ground, it is unnecessary to determine the question raised on appeal from the summary judgment.

Minn. St. 518.07 provides:

"No divorce shall be granted unless the plaintiff has resided in this state one year immediately preceding the filing of the complaint \* \* \*."

This court has previously held Minn. St. 518.07 to be jurisdictional. A divorce granted without complying with the statute is void for lack of jurisdiction. Salzbrun v. Salzbrun, 81 Minn. 287, 83 N. W. 1088 (1900); Thelen v. Thelen, 75 Minn. 433, 78 N. W. 108 (1899).

Where it is apparent on the face of the record that the granting of a divorce is not justified because of failure to comply with a valid statute, we will reverse on our own motion even though neither party has raised the question. Thelen v. Thelen, *supra;* Kasal v. Kasal, 227 Minn. 529, 35 N. W. 2d 745 (1949).

The action brought initially by plaintiff wife was not an action for divorce, but for support or separate maintenance. In Donigan v. Donigan, 236 Minn. 516, 53 N. W. 2d 635 (1952), we held that an equitable action for support or separate maintenance is independent of an action for divorce and may be maintained without compliance with the statutory residence requirement governing divorce actions.

The wife here expressly stated in her complaint that none of defendant's rights "by reason of the marital relations are intended to be impaired by this action." Hence, it was the defendant, by his counterclaim, who commenced the action for divorce at a time when he was a nonresident.

The question is whether the court has jurisdiction to grant a divorce to a nonresident pursuant to a counterclaim interposed by him in an action for support. We hold that it does not.

In arriving at our decision we adopt the reasoning of Bullard v. Bullard, 189 Cal. 502, 209 P. 361 (1922). In that case, plaintiff wife brought an action against her husband for separate maintenance, and he counterclaimed for divorce. The court recited the terms of the applicable California residency statute which provided:

"A divorce must not be granted unless the plaintiff has been a resident of the state one year * * *." 189 Cal. 504, 209 P. 362.

And of another California statute which provided:

"[A] cross-complainant in an action for divorce need not be or have been a resident of the state * * * in order to entitle such cross-complainant to a divorce in said action." 189 Cal. 505, 209 P. 362.

The court found that the defendant was a nonresident and that

no allegation was made in his counterclaim as to plaintiff's residence. Although the court chose to ground its decision on the failure to allege plaintiff's residency, the reasoning is particularly applicable to the case at bar. The court pointed out that the purpose of the statutes would be thwarted by the granting of a divorce on a counterclaim by a nonresident where the initial action was for separate maintenance:

"Inasmuch as there is no residence requirement in an action for separate maintenance * * * such a construction of the statute would make possible the procuring of a divorce in the courts of this state between two spouses neither of whom had ever been a resident here." 189 Cal. 505, 209 P. 363.

We held in Johnson v. Johnson, 223 Minn. 420, 27 N. W. 2d 289 (1947) that where an action for *divorce* was commenced by a resident wife, a divorce could be granted on the counterclaim of a nonresident husband. The rule obtains in a majority of jurisdictions supported by the reasoning that a plaintiff is precluded from questioning the jurisdiction of a court which she has invoked.

Such is not the case before us. Here plaintiff did not invoke the divorce jurisdiction of the court when she brought an equitable action for support and maintenance.

To hold that a divorce could be granted on defendant's counterclaim here, would, in effect, nullify the residency requirement, for all that would need be done in future cases would be for a nonresident wife to bring a separate maintenance action and a nonresident husband a counterclaim for divorce.

Moreover, defendant's counterclaim was asserted as an amendment to an answer made by him some 4½ years earlier. The court's order for support or maintenance apparently ended that litigation for neither party noted the case for trial. At that time defendant was a resident of this state. The residency requirement is met if his amended pleading relates back in time to the serving of his original answer. We hold that it does not.

Rule 15.03, Rules of Civil Procedure, does not apply to the

470

facts presented by this case in view of Minn. St. 518.07 and where the purpose of the pleading is to bring an entirely new cause of action. Rule 15.03 is not intended to apply to supplemental pleadings under Rule 13.05. In Nelson v. Glenwood Hills Hospitals, Inc. 240 Minn. 505, 62 N. W. 2d 73 (1953), we considered the language of Rule 15.03 and stated:

"Under this rule an amendment to a complaint or petition setting up *no new cause of action* will relate back to the commencement of the action * * *." (Italics supplied.) 240 Minn. 514, 62 N. W. 2d 78.

Clearly a counterclaim for divorce which matures or is acquired after pleading in an action for support and is asserted as a supplementary pleading, as was done here, is a new cause of action. Accordingly, we hold that a pleading which introduces a new or different cause of action, not matured or acquired until after the time of the original pleadings, does not relate back in time even though it may have arisen from the same conduct, transaction, or occurrence set forth in the original pleadings.

Reversed.