STATE OF MINNESOTA ex rel. ROBERT C. RAY and Others v. DISTRICT COURT OF ST. LOUIS COUNTY.[1]

May 6, 1897.

Nos. 10,446—(56).

Municipal Improvements—Excessive Assessments—Power of District Courts to Review.

Evidence considered, and *held*, that the trial court had the power, and it was its duty, to determine whether the assessment in question was excessive, and, if it was not, confirm it, but, if it was, to reduce it accordingly, or order a new one.

Certiorari to review the action of the district court for St. Louis county, Ensign, J., in confirming an assessment for special benefits by reason of the acquisition by the city of certain land for park purposes. Order reversed.

*Billson, Congdon & Dickinson,* for relators.

Where a trial court refuses relief, which it has power to give, on the ground of want of power, its action is erroneous, although it would not have been error had the court done the same thing in the exercise of its discretion. Leonard v. Green, 30 Minn. 496; Seibert v. Minneapolis, 58 Minn. 65; Mills v. Wilson, 59 Minn. 110; Olmstead v. Firth, 60 Minn. 126. The action of the district court in confirming the assessment was erroneous in that it was done without the exercise of any discretion and in the belief that it had no power to do otherwise. There was no evidence whatever before the court tending to show that the property in question had been specially benefited at all by the acquisition of the land in question by the city. The mere acquisition of land for park or other public purposes cannot be regarded as an assessable benefit. See Hutt v. Chicago, 132 Ill. 352; Merchant v. District Court, 66 Minn. 161.

*Henry S. Mahon,* for respondents.

There is nothing in the record that proves the nonexercise of the court's discretion, but on the contrary it clearly appears that the court exercised a proper discretion upon a consideration of all the evidence submitted. The burden rested on relators of satisfying the

1 Reported in 70 N. W. 1088.

lower court by evidence that there was no special benefit resulting to any of their lots, or at least of demonstrating that the assessment as made was unjust or excessive. If the evidence offered failed to do this, the lower court had no further discretionary power. The only objection that relators specified, and which was urged on the hearing, was that there was no benefit. Hence they cannot now be heard to urge that the court should grant relief on other grounds of which the city had no notice. The property of relators could be specially benefited by the mere locating and laying out of a park. See Foster v. Boston, 133 Mass. 321; State v. Brill, 58 Minn. 152.

START, C. J. Certiorari to review the order of the district court of the county of St. Louis confirming an assessment made by the board of public works of the city of Duluth upon the relators' property, for special benefits thereto by virtue of the acquisition of certain real estate by the city for park purposes. The order of confirmation was made pursuant to Sp. Laws 1887, c. 2, subc. 5, § 10, as amended by Sp. Laws 1889, c. 19, § 8. This statute was construed by this court in the case of State v. Ensign, 55 Minn. 278, 56 N. W. 1006, in which it was held that the district court, upon an application to it for a confirmation of the assessment, is not limited to considering whether the board of public works exercised their judgment, and whether there was fraud or demonstrable mistake of fact in the assessment, but it hears evidence, and confirms or corrects or revises the assessment as the evidence may require. The relators in the case at bar objected to the confirmation of the assessment, upon the ground, among others, that none of their lots were benefited by the acquisition of the real estate for the payment of which the assessment was levied.

The trial court heard evidence in support of the objection, and the relators introduced in evidence the testimony of seven competent witnesses, to the effect that the lands in question received no special benefits from the acquisition of the property for park purposes, and the city introduced the testimony of five witnesses to the effect that the lands were specially benefited by such acquisition to some extent, but named no particular amount as to either the several parcels or in the aggregate. Thereupon the trial court made its order confirming the assessment as a whole, but at the same time stated in a

memorandum which the court made a part of its order, among other things, the following:

"At the close of the evidence, the court stated substantially that, upon all of the evidence, he must hold that there were benefits resulting from the acquisition of this property for park purposes; but, no evidence having been offered as to the amount of the benefits, held that the assessment made by the board of public works, as required by law, must, in the absence of evidence as to the amount of the benefits, be considered conclusive as to the amount of such benefits.

In the course of the remarks made by the court, he said that he believed that the assessment was too high by at least 50 per cent., but that was an individual, and not a judicial, opinion, as it was not founded upon evidence, and that no evidence having been offered as to the amount of the benefits, in the aggregate or as to any individual lot, the court had no power to revise or amend the assessment made by the board authorized by law to make such assessment.

He further said that if he had the power, under the evidence, to cut down the assessment one-half, and confirm it at such reduced sum, he would do so, but he did not think that he had such power. Upon stating substantially the foregoing ground for the decision, which was given immediately after the close of the evidence, counsel for the objectors moved the court to make an order requiring the board of public works to make a new assessment, in part, covering the objectors' property, which should not exceed 50 per cent. of the amount assessed against each lot in this assessment.

The court refused to make this order, upon the ground that it had no evidence upon which to base such an order, and had no power to make such an order without evidence, and that without evidence he had confirmed the assessment so far as it had not been objected to, and must do the same under the evidence offered as to that included in the motion, to which holding and ruling of the court the said objectors, by their counsel, duly excepted, and asked that their exception be duly noted in the record, which is done accordingly. And I make and file this memorandum at the request of the counsel for the objectors, to the end that, if I have committed an error in reaching the conclusion in the order mentioned, that it may be corrected."

No question is here made that the memorandum is not a part of the order, and it must be so treated by us in reviewing the order.

The relators claim that it appears from the order that the trial

court never considered their evidence or exercised any discretion in the premises, in the mistaken belief that it had no power to do otherwise, and that the case falls within the familiar rule that if relief lying within the discretion of the trial court is refused on the ground of want of power to grant it, or upon any other ground that proves the nonexercise of discretion, the order refusing relief will be reversed on appeal. The respondent, on the other hand, claims that the order does show that the court exercised a proper discretion upon a consideration of all of the evidence submitted. This last claim, in view of the express and specific statement of the court in its order to the contrary, is somewhat remarkable. An examination of respondent's brief discloses the basis of the claim to be substantially this: the relators' objection was that there were no benefits whatever; therefore it went to the basis of the right to levy any assessment at all; hence the issue was whether the assessment should be confirmed in toto, or wholly set aside.

"The court having found that the right did exist, and no objection having been noted as to the extent to which the right had been exercised, the court very properly, and of necessity, stopped there, and confirmed the assessment. Relators should have assigned, as a ground of objection, that the assessment was excessive, before they could compel the trial court to go into that question. The case was tried by them and by the city upon the theory that the only controversy was as to the propriety of levying any assessment at all."

That an objection to an assessment for benefits, to the effect that there are no benefits, includes the objection that the assessment is excessive, is just as clear as the axiom that the greater includes the less. If there were no benefits, an assessment for benefits in any sum would be excessive to the extent of the amount thereof. It is clear upon the face of the order that the trial court was satisfied from the evidence that the estimate of the amount of the benefits by the relators' witnesses at nothing was too low, and that there were some benefits for which the relators' property should be assessed in some amount, although not to the full amount named by the board of public works. But, because no witness had testified to the precise amount of the benefits in dollars and cents, the court was of the opinion that it had no power, under the evidence, to cut down or modify in any manner the assessment, and was bound, as a matter

of law, to consider the assessment made by the board as conclusive as to the amount of such benefits; or, in other words, that because the relators' evidence tended to establish the amount of the benefits at zero, and that of the respondent at some amount above the estimate of relators' witnesses, without naming any amount, the court had no power to consider the evidence, and determine therefrom the amount of benefits, but must reject all of the evidence, and confirm the assessment for the full amount, upon the prima facie case made by the assessment roll, precisely as if the relators had offered no evidence whatever.

In this the trial court misconceived its duty and power in the premises. The court had the power, and it ought to have exercised its discretion and judgment upon the whole evidence, including the reasons given by the respective witnesses why the property was or was not benefited, and their estimates as to the extent of such benefits, and determined therefrom whether the assessment was unjustly excessive, and, if so, reduce it accordingly, or require the board of public works to make a new assessment, in part, covering the relators' property. The refusal of the trial court to so exercise its judgment and discretion upon the evidence was error, for which its order of confirmation must be reversed, and the case remanded to the district court, with direction to proceed in accordance with this opinion.

So ordered.