LUMBERMEN'S INSURANCE COMPANY and Others v. CITY OF ST. PAUL and Others.[1]

|  | |
|---|---|
| 82 | 497 |
| s85 | 235 |

March 29, 1901.

Nos. 12,302—(196).

## City of St. Paul—Eminent Domain.

In condemnation proceedings, the city of St. Paul having condemned certain premises for sewer purposes in contemplation of an extensive sewer system, and having paid the amount of the award to the estate originally owning the land, held, in an action by certain mortgagees of the premises at the time the award was made:

[1] Reported in 85 N. W. 525.

82 M.—32

Description of Easement.

1. The description of the easement condemned having been correctly set out in the original notice, and the board of public works having acquired jurisdiction to make the award, it is immaterial, in view of the court's findings, that the description was defective in the notice of confirmation.

Statute of Limitations.

2. The common council, by resolution, appropriated money to the sewer-bond fund to meet the expenses of the award, and caused a notice to be published to the effect that the money was ready for the rightful owner, and then by ordinance directed the money to be paid to the estate of the original owner. *Held*, that the passage of the resolution and the publishing of the notice did not start the statute of limitations in motion as to plaintiffs, who claimed to be entitled to the fund as mortgagees. *Held*, also, that the statute began to run, as to plaintiffs, from the passage of the ordinance.

Estoppel.

3. The plaintiffs were not estopped from asserting claim to the money by the fact that at the time the mortgages were executed the culvert sought to be condemned as a sewer had already been constructed, and from the fact that they made no claim to the fund until about the time of the commencement of this action. The proceedings in condemnation of the easement were in rem, and plaintiffs were entitled to stand upon their strict legal rights, and recover the money, if within the statutory period.

Findings of Fact—Conclusions of Law—Practice.

4. Where a cause is tried before the court without a jury, and the conclusions of law are not supported by the findings of fact, *held*, following Farnham v. Thompson, 34 Minn. 330, that the trial court may be called upon to modify its conclusions of law in conformity to the facts upon a motion for a new trial, and the defeated party may appeal from an order denying a new trial and refusing to modify the conclusions of law. But in such cases, where the order of the trial court is reversed, the respondent may apply for a new trial, if it appear that the claim was made in good faith that the facts found were not supported by the evidence.

Action in the district court for Ramsey county to recover the amount of an award assessed in condemnation proceedings. The case was tried before Kelly, J., who found in favor of defendants.

From an order denying a motion for a new trial, plaintiffs appealed.    Reversed.

*W. J. Hahn, J. M. Martin* and *Percy D. Godfrey,* for appellants.

*James E. Markham* and *Franklin H. Griggs,* for respondents.

LEWIS, J.

In 1883 the city of St. Paul constructed a fill along East Seventh street running in an easterly direction through Wagener's addition, and as part of the work the city constructed, and has ever since maintained, a culvert over Phalen creek, which was running through Wagener's addition from a northerly in a southerly direction.    In 1886 the owner of this addition, John Wagener, executed several mortgages upon the same, aggregating many thousands of dollars, and the plaintiffs are the purchasers upon foreclosure sale; the premises having been bid in for a large sum less than the amount of the debt.    In 1888 John Wagener died.    In 1892 proceedings were commenced to condemn an easement for a sewer through a strip of land twenty feet wide, extending from Fourth street to the southerly end of the culvert above mentioned, and from the northerly end of the culvert to North street, and also an easement over a strip of land thirty feet in width extending from the southerly to the northerly end of the culvert, intending to convert the culvert into a sewer.

On September 12, 1892, the board of public works assessed the damages to the property to be affected by the condemnation and taking of the property, and, among others, awarded to the estate of John Wagener as and for the damages sustained by the said estate by reason of the easement the sum of $5,000.    On October 3, 1892, pursuant to notice duly published, the assessment and award was confirmed, and no appeal therefrom was ever taken.    On the day of confirmation—October 3—the common council passed a resolution appropriating and setting aside $5,000 for the sewerage bond fund to pay the amount of the award.    Notice that the money to pay the award was in the hands of the city treasurer was published in the St. Paul Globe, November 14 and 15, 1892.    On January 10, 1893, the common council passed an ordinance providing for the payment of the money to the estate

of John Wagener, and on January 16, 1893, the money was paid over to Susanna Wagener, administratrix of the estate, and a receipt taken, executed by her.

This action was begun on January 4, 1899, and is for the purpose of compelling the city to pay the amount of the award to the plaintiffs as their interests may appear by virtue of their position as mortgagees of the property at the time the award was made, it being claimed that the money was wrongfully paid to the Wagener estate. The court below found the facts substantially as stated, but ordered judgment against the plaintiffs, who appeal from an order denying a motion for a new trial.

The trial court found against the plaintiffs upon the ground that the cause of action of the plaintiffs, if any they ever had, accrued more than six years prior to the commencement of the action; and, again, that the plaintiffs took the mortgages upon the land with knowledge of the fact that the culvert was at that time constructed, and, having allowed nearly six years to pass after the city had paid the money over to the Wagener estate, plaintiffs are estopped from asserting any claim to the fund. Counsel for the city also present for consideration that the assessment was void for indefinite description in the award.

1. Was there a valid assessment? It is admitted that the description contained in the notice of the assessment was sufficient. It is as follows:

"Also a strip thirty feet in width, extending from the south end of said culvert to the north end of said culvert, the center line of which strip shall be the center line of said culvert."

This gave the board of public works jurisdiction to make the award, other steps having been regular. But the description in the notice of confirmation omitted the words, "the center line of which strip shall be the center line of said culvert." The original assessment is not set out in the findings, but the finding of the court is as follows:

"That there was awarded to the estate of John Wagener, as and for the damages sustained by the said estate, by reason of the foregoing, and for an easement for constructing, altering, repairing,

and maintaining a sewer in and through the Phalen Creek culvert (so called) at Seventh street, said culvert extending through Wagener's addition to St. Paul from the south line to the north line thereof, the sum of five thousand dollars ($5,000)."

This finding does not locate the thirty-foot strip definitely, but simply states that the award was for constructing and maintaining a sewer through the Phalen Creek culvert through Wagener's addition. We are asked to hold that, although the board acquired jurisdiction to make the award, yet it never did make one according to the description in the notice. It is also claimed that it appears from the findings of the court that the award was made to the estate of John Wagener, not for the easement for a sewer through the culvert, but as a general settlement to the estate for a general claim for damages other than the thirty-foot strip over the culvert. From the notice of the assessment, the notice of confirmation, and the finding of the court, it is clear that the award to the estate of John Wagener, mentioned in the finding, was on account of the easement of thirty feet along the culvert as defined in the original notice. The assessment itself may have been indefinite and void, but it is not contained in the record before this court, and the finding of the court must be given full force and effect. So far as appears, no other claim for damages was made by the Wagener estate, and, when the findings are all examined with reference to the award, only one result is possible.

2. We are unable to agree with the learned trial court as to the time the statute of limitations was set in motion. The resolution of October 19, 1892, appropriating $5,735 for the sewerage bond fund, did not start the statute, for that resolution only provided a fund, and was the first step towards payment. The notice given by the city was as follows:

"The owners and all parties interested in the property condemned for any of the following improvements as herein noted will take notice that the money necessary to pay for all damages for land condemned, as well as for all buildings, sheds, fences, or other improvements to be removed or abandoned by reason of the following improvements, is now in the city treasury, and ready to be paid to the parties entitled thereto. (The title to the property condemned must be examined and approved by the city at-

torney before the money is paid.) Condemning and taking an easement for constructing, altering, repairing and maintaining a sewer in and through a strip of land twenty feet in width, extending from Fourth street to the southerly end of Phalen Creek culvert at Seventh street, and from the northerly end of said culvert to North street; also a strip thirty feet in width extending from the southerly end of said culvert to the northerly end of said culvert."

The charter in force at that time did not require the publishing of any such notice, and, it never having been served upon the parties interested, and they having no actual knowledge of its contents, there was nothing in the fact of the publication of such a notice to set the statute in motion. The notice itself, even if authorized, was not a final act on the part of the city in reference to the money. The right to examine the title to the property was reserved. It was, no doubt, wise to give such a notice, as it was in the nature of an extra precaution; but it bound no one who had no actual knowledge of its contents.

The city code provided certain specific definite acts to be performed by the city in reference to the payment of awards of this kind, and the statute began to run at the time the city completed those various steps. In the first place, it was made the duty of the city to pay the amount of the award to the owner of the property condemned. In the second place, this amount must be paid within six months from the date of confirmation. Again, if there be any doubt as to who is entitled to the money, the city may require a bond before paying it over. There is no other way for the money to reach the party entitled to it except by action of the common council; and, unless that body took some definite step to determine it otherwise, the amount would not be actually due until the expiration of the six months from the date of confirmation. In this case the common council did determine that the Wagener estate was the owner by the passage of the ordinance of January 10, 1893. Until the passage of that ordinance, the city had not declared itself satisfied as to the title. It could have waited until the six months from date of confirmation had expired; but it waived that time, and itself started the statute as to all claimants in declaring by that ordinance that the plaintiffs

and all others had no interest in the fund. The statute began to run from that date, January 10, 1893, and this action was commenced within six years from that date.

3. We are unable to apply the equitable principles of estoppel to this case. The city had itself taken the initiative by declaring to plaintiffs that they had no interest. The city has not been placed in any different position by any act of the plaintiffs. The plaintiffs have waived nothing, have held out no false hopes, have done nothing to induce the city to change its position, but have stood solely upon their strict legal rights to claim the money in lieu of the easement, as the rightful owners. The fact that the city built a culvert before condemning the easement for a sewer, and that the mortgages were taken after the construction of the culvert, has nothing to do with the question. The fact that the city has not yet completed the sewer system is immaterial. The condemnation proceedings were in rem. The money awarded took the place of the thirty-foot easement for sewerage purposes, and the real owners of the property are entitled to receive it from the city. Moritz v. City of St. Paul, 52 Minn. 409, 54 N. W. 370; Boutelle v. Minneapolis City, 59 Minn. 493, 61 N. W. 554. If the city authorities had caused the question of title and ownership to be examined, as the statute contemplated should be done, the interests of the plaintiffs would have been discovered. If the city has paid the money to the wrong party, such fact is no defense to the claim of the rightful owners.

4. Counsel for respondents contend that the case ought to be dismissed for the reason that the record contains no bill of exceptions or settled case. The appeal is from an order denying a motion for a new trial, which motion was based upon the findings of the court; and the ground of the motion was as follows:

"That the court's conclusions of law made and filed herein upon the trial of this action are not justified by the findings of fact made and filed with the said conclusions of law."

The only time this question was ever presented in this court, so far as we are aware, was in the case of Farnham v. Thompson, 34 Minn. 330, 26 N. W. 9. It was there decided that on the ground

of convenience it was proper practice to raise by a motion for a new trial the point that the conclusions of law were not supported by the findings of fact. The decision is based on the fact that such practice had grown up, and, while not a logical proceeding, the court sanctioned the practice. But let it be understood that it simply means this: When a cause is tried by the court, and the conclusions of law are not supported by the findings of fact, the defeated party may, without a bill of exceptions or settled case, call upon the court to modify its conclusions of law to correspond with the findings of fact under the form of a motion for a new trial. The court has no authority to grant a new trial, and its power is limited to modifying the conclusions of law to meet the facts. It is convenient to be able to raise the question by direct appeal without the entry of judgment or the settlement of a case or bill of exceptions. The defeated party simply rests upon the facts as found. However, this practice places the opposite party in a peculiar position in cases where he claims in good faith that the facts found by the trial court are not sustained by the evidence. He might be satisfied with the facts as found, although of the opinion that they were more favorable to his adversary than the evidence would warrant, because the law as applied was in his favor. But if the court came to the wrong conclusions, and the case is reversed upon appeal, then he may have lost his opportunity to apply for a new trial.

In the case before us respondents claim that the findings of fact are inaccurate and incomplete, and that, if the full record had been returned, it would appear that the assessment and award of damages was in fact void. No rule of practice should be adopted or tolerated which will deprive litigants of a proper adjudication of contested questions. And, in view of the rule of practice heretofore adopted, our opinion is that it should be adhered to, but that, where the order of the trial court is reversed in a case where the claim is made in good faith that the facts found are not supported by the evidence, the party defeated should have an opportunity to apply for a new trial.

The order of the court is reversed, with directions to modify its conclusions of law in accordance with this opinion, and to order

judgment for the plaintiffs as their interest may appear, with leave, however, to respondents to apply for a new trial.