ISADORE S. COLAHAN v. THOMAS E. COLAHAN.[1]

December 12, 1902.

Nos. 13,338—(246).

Appeal by plaintiff from a judgment of the district court for Waseca county, entered pursuant to an order of Buckham, J. Affirmed.

*John Moonan,* for appellant.

*L. D. Rogers,* for respondent.

PER CURIAM.

Suit for a divorce for alleged cruel treatment and habitual drunkenness. These accusations embraced charges of personal violence, harsh and improper language, and one unfounded accusation of marital infidelity.

The defendant answered, setting forth acts of provocation for the improper language and for the violence which in one case was admitted, and circumstances justifying the charge of his wife's infidelity. There was also a counter charge of one specific act of adultery by the wife, which was denied in the reply. The jury, to whom this issue was submitted, found that it was untrue.

The trial thereafter proceeded to the court upon the other charges in the complaint, whereupon it was found that, during the latter five years of the married life of plaintiff and defendant, they frequently quarreled and called each other unbecoming names; that plaintiff had been faithful in the discharge of her household duties, but had manifested little affection for the defendant, and purposely provoked him to anger; that plaintiff has no reason to fear personal violence from defendant; that on only one occasion had defendant assaulted the plaintiff; that this assault was induced by the indiscreet actions of the plaintiff, under the belief based upon circumstances justifying it, that plaintiff had been unfaithful to him, which the court found to be sufficient to extenuate the one act of violence by plaintiff. The court spe-

[1] Reported in 92 N. W. 1130.

cifically found that defendant was not at any time an habitual drunkard, and that, after the assault referred to, plaintiff and defendant made up, but, a few days afterwards, plaintiff left the defendant, taking with her the two small children of the marriage; that both parties were equally to blame; and, as a conclusion of law, that neither was entitled to a divorce.

We have given to the record, which is quite lengthy, a careful and critical examination, and are not able to hold that the result reached by the trial court, that the measure of blame was equal on both sides, is so palpably against the weight of evidence as to require us to set aside the result reached.

The order of the trial court is affirmed.