## ROSIE JOKELA v. JACOB JOKELA.[1]

July 15, 1910.

Nos. 16,592—(148).

**Decree of absolute divorce — evidence.**

> The evidence in this case *held* not to have justified a decree of absolute divorce.

Action in the district court for Otter Tail county for divorce, custody of children and alimony. The case was tried before Baxter, J., who found in favor of plaintiff. From the judgment entered pursuant to the findings granting plaintiff a divorce, the custody of three children, the issue of the marriage, and $4,600 alimony and $225 semi-annually for support of the children, defendant appealed. Reversed.

*O. J. Larson* and *M. E. Louisell,* for appellant.
*M. J. Daly,* for respondent.

JAGGARD, J.

This is an action for an absolute divorce. The court found that the defendant treated the plaintiff in a cruel and inhuman manner, and awarded plaintiff $4,600 and the care and custody of three minor children. From the judgment entered accordingly, defendant appeals.

[1]Reported in 127 N. W. 391.

Plaintiff was twenty-seven years of age; defendant, sixty-seven. The oldest of the three children was aged three years. Plaintiff testified that she had known defendant for only half a week before she married him. It must be here assumed that these and other circumstances did not justify defendant in charging her, as he did, with unchastity, and, for example, with looking for an opportunity to have illegal intercourse with the hired man. His language to her was at times otherwise abusive. There were other acts of cruelty on his part, which would have abundantly justified the action of the trial court, if this were all there were to the case. Her language, however, was much coarser than his own. She was guilty of cruelty on her part. She assaulted him, it appears practically without contradiction, in a manner which attained the limits of disgusting indecency. Propriety precludes the detailed narration of her misconduct, indescribable and insufferable. She showed wrong on his part; but the record demonstrates that she was in no position to complain.

Reversed.

BROWN, J. (dissenting).

In my opinion, the trial judge, having had the parties before him, was in a better position to determine the propriety of a divorce than this court, and his conclusion should not be disturbed.