## STANLEY VOLKMAN v. GLADYS VOLKMAN.[1]

December 30, 1921.

No. 22,558.

**Divorce—vacating default judgment—custody of children.**

> The evidence supports an order of the district court denying appellant's application for the vacation of a default judgment of divorce in respondent's favor and continuing her custody of the minor children of the parties.

Action in the district court for Hennepin county for absolute divorce and the care and custody of the children. Defendant brought a similar action asking the same relief and for alimony and attorney fees and suit money. The cases were tried together before Bardwell, J., who made findings, granted defendant an absolute divorce, and directed that defendant have the care and custody of the children and that plaintiff pay her $15 per week for their support and maintenance. From an order denying his motion to vacate the judgment and for a new trial, defendant appealed. Affirmed.

*Z. L. Begin,* for appellant.

*D. A. McVeety* and *Thompson, Hessian & Fletcher,* for respondent.

[1] Reported in 185 N. W. 964.

LEES, C.

On September 11, 1920, plaintiff brought an action against his wife for a divorce, charging her with cruel and inhuman treatment. About the same time she brought a similar action against him upon a like charge. The court combined the two actions and directed that they be tried together. There was a hearing on November 3, 1920, at which the wife appeared with her attorney and introduced evidence to substantiate her complaint. There was no appearance by or in behalf of the husband. The court made findings upon which judgment was entered on November 5, granting the wife an absolute divorce, awarding to her the care and custody of the two minor children of the parties and directing the husband to pay her $15 a week for their support. On April 30, 1921, the husband, having employed other counsel, applied for the vacation of the judgment, a new trial of the action and the award of the custody of the children to him. Both parties presented affidavits at the hearing. The court modified the judgment by reducing to $10 a week the amount the defendant was required to pay for the support of his children. In all other respects his application was denied. His former attorney made an affidavit, stating that after the two actions were combined and prior to November 5, 1920, his client agreed that the wife should have the custody of the children and that he would pay a reasonable sum for their support, provided he was not required to pay her alimony; that thereupon an agreement was made between the attorneys for the parties that the wife's action should not be contested and that the husband would pay her $10 a week for the support of the children; that after the judgment was entered he complained that it required him to pay $15 instead of $10 a week; that thereupon a conference was had with the wife's attorney and an agreement reached that the payment of $15 would not be required, but $10 a week would be accepted, whereupon the husband expressed his satisfaction; that he had been kept fully advised of the progress of the litigation, and had informed his attorney that he had no proper place to care for his children, and for that reason would consent to his wife's having them and would pay something for their support. The husband made an affidavit denying all this

and charging the wife with misconduct of so grave a nature that she would not be a fit person to have the custody of her children if the charge were true. He insisted that he had always intended to contest the wife's action and secure a divorce from her and the custody of the children.

He has appealed from the order denying his application for relief from the judgment and raised two questions by his appeal: (1) Was the court justified in refusing to vacate the judgment and grant a new trial of the wife's action? (2) Did the welfare of the children require the transfer of their custody from their mother to him? Upon these questions the evidence presented by the affidavits was decidedly conflicting. The application was heard by the judge who granted the divorce. The affidavits are of such a nature as to demonstrate conclusively that the husband and wife cannot live together again and that one or the other is entitled to a divorce. The children are respectively 5 and 6 years of age. Ordinarily children who are so young are best off if left in the care of their mother. We see no reason for disturbing the conclusion of the trial court on either question in the case. If, in the future, the welfare of the children requires a change of custody, it is within the power of the district court to modify the judgment in that respect.

Order affirmed.