LEGATSKI *v.* LEGATSKI.

DIVORCE — EXTREME CRUELTY — DECREE NOT WARRANTED WHERE BOTH PARTIES GUILTY.

> A wife's bill and husband's cross-bill for divorce on the ground of extreme cruelty should both have been dismissed where the record on appeal shows that they were both guilty of extreme cruelty, and it is immaterial that one may have been more in fault than the other; there being no law of comparative cruelty in divorce cases.[1]

Appeal from Alpena; Emerick (Frank), J. Submitted October 10, 1924. (Docket No. 71.) Decided April 3, 1925.

Bill by Emma E. Legatski against Richard C. Legatski for a divorce. Defendant filed a cross-bill asking for a divorce. From a decree for defendant, plaintiff appeals. Reversed, and bill and cross-bill dismissed.

*Frank T. Hinks,* for plaintiff.

*I. S. Canfield,* for defendant.

MCDONALD, C. J. The parties to this action were married on or about September 25, 1911. They lived together as husband and wife until April, 1923, at which time they separated. They each had some property and both had children by former marriages. On April 21, 1923, the plaintiff filed her bill in which she asked for a divorce on the ground of extreme cruelty. The defendant answered and filed a cross-bill in which he also charged extreme cruelty. After hearing the proofs the circuit judge filed the following opinion:

---

[1]Divorce, 19 C. J. § 221.

"The plaintiff in this case has entirely failed to sustain her charges of cruelty by any convincing proof. She never had any affection for defendant, nor any regard except for his monetary contributions, and, in that respect, she has fared well.    Her bill will be dismissed without costs.

"On the other hand, the defendant has maintained his charges of cruelty beyond any question and will be granted a decree of absolute divorce upon his cross-bill.    At and from the time of the marriage of the parties, the plaintiff was and is better off financially than defendant.    He made her a tenant by the entireties of his home on Second street, which will be restored to him under section 11438 as construed in the case of *Allen* v. *Allen,* 196 Mich. 292.    For the purposes and requirements of section 11436 defendant will pay plaintiff within thirty days from the settlement of decree, the sum of two hundred fifty dollars ($250)."

From the decree entered the plaintiff has appealed.

Conceding that the circuit judge was right in finding that the plaintiff was guilty of extreme cruelty, we think the evidence is equally clear that the defendant was guilty of like misconduct.    The plaintiff testified at considerable length to various acts of the defendant, which, under the circumstances, if true, would amount to extreme cruelty.    Many of these accusations stand in the record undenied and unexplained.    Some of them he admitted.    For instance, when they were separating, he went into the basement and with an ax destroyed a large quantity of canned fruit.    On another occasion, after a quarrel, the plaintiff locked herself in a bedroom and refused to open the door.    He took it off its hinges.    This conduct discloses an unruly temper and rather indicates that in the frequent quarrels which marred their married life the defendant, if not the aggressor, at least was quite capable of holding his own.

The defendant had a daughter Gretchen, by his former marriage.    She was married but lost her

husband by death, and came back to her father's house where she resided for about six months. She says that she never liked her stepmother. At any rate the two women did not get along well together and the defendant was compelled to ask his daughter to find another home. He says that his wife's attitude in this matter was cruelty. But he retaliated by ordering the plaintiff's son to leave. It was quite likely that the plaintiff was as much grieved by his attitude towards her son as he was by her attitude towards his daughter. He always hit back. We are convinced from our examination of this record that both parties were to blame for the troubles which arose during their married life. It matters not which was more in fault for there is no law of comparative cruelty in divorce cases. If both parties were guilty of extreme cruelty neither should be granted a decree for divorce. *Kellogg* v. *Kellogg*, 171 Mich. 518; *Hatfield* v. *Hatfield* 213 Mich. 368. Upon the facts in this record neither party is entitled to relief.

A decree will be entered in this court dismissing both the bill and cross-bill. Neither party will have costs.

CLARK, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.