# IRMA RICHARDSON LARSON v. ELMER A. LARSON.[1]

March 1, 1929.

No. 26,995.

*H. L. & J. W. Schmitt,* for appellant.
*C. A. Johnson,* for respondent.

OLSEN, C.

Appeal by plaintiff from an order of the district court modifying a judgment of divorce so far as it relates to the custody of a child of the parties.

Plaintiff and defendant were married in April, 1922. The child, whose custody is in question, is a son, born to the parties November 4, 1922. On July 22, 1926, the plaintiff obtained a divorce from the defendant in Blue Earth county in this state, where the parties resided. The ground of the divorce was cruel and inhuman treatment. By the decree of divorce the custody of the child was given to the plaintiff without any limitation or qualification.

[1]Reported in 223 N. W. 789.

Plaintiff was adopted by George and Bernice Richardson, husband and wife, when a few months old. During the married life of plaintiff and defendant and up to about the time of the commencement of the divorce action, they resided on the farm with plaintiff's parents. Soon after her divorce, plaintiff removed to Pennsylvania and there married Richardson, her present husband. He had, prior to the divorce, been a visitor or hired hand on the Richardson farm and is referred to as a cousin of plaintiff. The child was left in the care and custody of the Richardsons, and has since remained there except for a brief period when it was taken by Mrs. Richardson to the home of the plaintiff in Pennsylvania. The Richardsons own and live on a farm of 200 acres in Blue Earth county and have an excellent home. They admittedly are people of high standing and excellent character and have properly cared for the child while with them. They are in good health and have ample means. There is mutual affection between the child and the grandparents, and the child is happy and contented in their home. Plaintiff makes affidavit that she now has a good home and is well able and now expects to take personal charge of and care for and educate the child. There is no showing that she is not a proper person to have the custody or that she has not now a proper home and sufficient means properly to care for and educate the child.

At the time of the trial of the divorce action, defendant properly made no application for the custody of the child. He joined in a stipulation requesting that such custody be awarded to plaintiff's father, George Richardson. The judge trying the divorce action thought otherwise and awarded the custody of the child to plaintiff.

Defendant has not remarried. He is studying at the Teachers College at Mankato, preparing for the position of a teacher in the public schools, and has about completed his training. While studying he is working at Mankato to earn money to defray his expenses. He has no home of his own but has been spending his summer vacations with his parents at Lake Crystal and makes that his home. Where he will go or be located when he commences to teach is of course uncertain. If given custody of the child, he intends to place

it in the home of his parents, to be there cared for by them, and there to care for it himself at such times as he may be present. His parents are excellent people. They own and live on a small farm of 20 acres. They are practically strangers to the child.

Defendant moved to have the divorce judgment modified so as to award the custody of the child to him. The court made an order for divided custody, amending the divorce decree so as to provide that defendant should have the custody from June 15 to August 15 each year and, during the balance of the year, to have such custody on one-half of the holidays, Saturdays and Sundays. It may be construed to give defendant the custody on alternate Saturdays, Sundays and holidays. The custody was left with the mother for the balance of the time, with the provision that she was required to deliver the child to the defendant on June 15 of each year.

Part time or divided custody of a child six years old is not desirable. In some cases it may be proper enough to provide for such custody, either by giving one or more of the children to each of the parties, or providing for part time custody to each parent of the child or children. Where the parents reside in the same city or vicinity, so that there is no difficulty in transferring the child from one to the other, and such transfer will not jeopardize the best interests of the child, other things being equal, such provision may be and is sometimes made.

Where the mother is a fit person to have the custody of the child and is able properly to care for it, the general rule is that a child of tender years should have the care of the mother and that its custody will not be taken from her. State ex rel. Galson v. Galson, 132 Minn. 467, 156 N. W. 1; Eberhart v. Eberhart, 149 Minn. 192, 183 N. W. 140; Volkman v. Volkman, 151 Minn. 78, 185 N. W. 964; Spratt v. Spratt, 151 Minn. 458, 185 N. W. 509, 187 N. W. 227; State ex rel. Pappenfus v. Kourtz, 173 Minn. 177, 216 N. W. 937.

The plaintiff has established her home in another state. The court by its order does not prohibit the removal of the child to her own home. She desires the right so to do, and the order giving her part time custody would permit such removal. Stetson v. Stetson, 80 Me. 483, 15 A. 60. If the order here made is to stand, however,

plaintiff's right to custody of the child in her own home will be rendered practically nugatory. The child would have to spend most of its time traveling if it were to be with the father every other week-end and be delivered to him on every June 15. That of course would be impractical and detrimental. It is suggested that the child will probably remain with the grandparents. Even if that is to be the case, the divided custody here provided would be impractical and such as to disturb and interfere with the proper care and up-bringing of a child of this age. The shunting of the child back and forth between two different homes and two different home influences, even if both homes may be proper, is too likely to cause disturbance and contention between the child and one or both of its custodians.

The rule governing this court is that the order of the trial court will not be disturbed unless it appears that there was an abuse of discretion. Waldref v. Waldref, 135 Minn. 473, 159 N. W. 1068; Spratt v. Spratt, 151 Minn. 458, 185 N. W. 509, 187 N. W. 227.

We think it sufficiently appears that the order made is not practical and not for the best interests of the child in the situation here shown, and that there was an abuse of discretion.

Order reversed.