## IDA M. THOREM v. MORRIS M. THOREM.[1]

February 3, 1933.

No. 29,137.

*Ryan & Scanlon,* for appellant.
*Crassweller & Crassweller,* for respondent.

[1] Reported in 246 N. W. 674.

154

HILTON, Justice.

Action for a divorce on the ground of cruel and inhuman treatment. At the close of the evidence judgment was ordered dismissing plaintiff's complaint. The appeal was taken from an order denying a motion for a new trial.

■ Plaintiff and defendant were married December 29, 1920. Plaintiff was 38 years of age, defendant 40 years, at the time the action was commenced in January, 1932. There was no issue of the marriage. The court found as a fact:

"That during the married life of the parties considerable trouble arose between them, but that one was as much responsible therefor as the other."

The evidence amply supported that finding. In such a situation a divorce should not be granted. Reibeling v. Reibeling, 85 Minn. 383, 88 N. W. 1103; Colahan v. Colahan, 88 Minn. 94, 92 N. W. 1130; Jokela v. Jokela, 111 Minn. 403, 127 N. W. 391.

2. The court at the conclusion of the testimony said:

"It is the law of course in divorce cases that those who come in seeking relief must come in with clean hands. The divorce court is a court of equity. Where the blame is as much on the one side as the other, and as I view this case that is about the situation here, no relief can be granted. The court will draw findings denying the plaintiff relief and dismissing the action."

Counsel for the plaintiff attached no importance to that statement at the trial. They said nothing. They mention it for the first time on appeal and claim the trial court viewed the testimony from a wrong viewpoint. Their final motion was in the alternative for an amendment of the findings of fact and conclusions of law and for judgment, or, if such relief be denied, then that a new trial be granted "on the ground that the findings of fact, conclusions of law, order for judgment and the decision of the court are not justified by the evidence and are contrary to law." They never claimed anything but that the evidence did not sustain the findings.

The rule is applied in appropriate situations that if the court is proceeding upon a wrong theory of the law, as for instance in Berg v. Penttila, 173 Minn. 512, 217 N. W. 935, where it was thought that the trial court treated the defendant's insistence upon his constitutional right against self-incrimination as tending to show guilt; or as in Maldaner v. Smith, 102 Wis. 30, 78 N. W. 140, where the court applied the wrong presumption as to the effect of the interlineation in a note; or as in Boardman v. Lorentzen, 155 Wis. 566, 145 N. W. 750, 52 L.R.A.(N.S.) 476, where in determining a fact there was a mistake as to where rested the burden of proof; or when the trial court refused to exercise its discretion upon the ground that it had none, when in fact it had, as in Ricker v. J. L. Owens Mfg. Co. 151 Minn. 314, 186 N. W. 702; Nornborg v. Larson, 69 Minn. 344, 72 N. W. 564; and State ex rel. Ray v. District Court, 68 Minn. 147, 70 N. W. 1088, there may be relief if the record is properly protected. But these cases are far from the one before us. A very careful examination of the evidence seems to make it quite impossible for this plaintiff, after her conduct, though not deemed criminal, but surely improper (perhaps even disgraceful to herself) and humiliating to her husband, to be held entitled to a divorce. A finding for her would be surprising; and the remarks of the court should not be technically criticized.

Affirmed.

WILSON, Chief Justice (concurring).

At the close of the evidence the trial court announced that he would draw findings denying plaintiff's relief and dismissing the action. The sole reason then given (after stating that, while plaintiff had not done anything morally wrong, she had been indiscreet and had given defendant cause for having suspicion) is contained in this statement:

"It is the law of course in divorce cases that those who come in seeking relief must come in with clean hands. The divorce court is a court of equity. Where the blame is as much on the one side as the other, and as I view this case that is about the situation here, no relief can be granted. The court will draw findings denying the plaintiff relief and dismissing the action."

A divorce court is not a court of equity. The power to grant a divorce is purely statutory. The authorities were cited in appellant's brief. Plaintiff should not have been turned away for want of clean hands. As I construe the record, the court destroyed her right to a consideration of the merits of her case upon the erroneous theory that she was not entitled to that consideration merely because of unclean hands. Whether the court would have reached the same conclusion had he realized and been conscious of the fact that the maxim as to clean hands was without application is highly conjectural. We do not know. If not, the error was prejudicial. If we cannot say with certainty that it was without prejudice, it should be held to be reversible. My position is strengthened by the fact that the only reason assigned by the trial court for the conclusion reached is the one I have mentioned. Of course it was not put in the findings, but it was stated to the record in the announcement in open court at the conclusion of the trial as to what the decision would be and why. The findings followed just a few days later.

It seems to me that the matter resembles the reception of inadmissible evidence, the effect of which upon the mind of the trier of fact cannot be determined. I feel that the plaintiff has not had a fair trial. I cannot reconcile myself to the supposition that the trial court would have made the same decision had he not entertained this erroneous idea as to the application of the equitable maxim.

While it is apparent to me that the trial court rendered its decisions under an erroneous understanding of the law, I concur in the result for the sole reason that plaintiff's counsel, having failed to raise this question by proper assignment in the alternative motion for amended findings or a new trial, cannot be heard to raise the question for the first time in this court.

This court ought to be extremely liberal in protecting litigants from having their rights determined under an erroneous application of the rule of law rather than to permit their rights to be lost under rigid and unimportant rules of technicality. This does not how-

ever permit us to disregard the regular rules of practice and procedure.

LORING, JUSTICE.

I concur in the views expressed by the Chief Justice.