LUCILLE MENKE v. OTTO MENKE.[1]

November 27, 1942.

No. 33,251.

*Leo J. Seifert,* for appellant.
*Paul C. Cooper,* for respondent.

HILTON, JUSTICE.

The parties to this appeal were married in 1930. Roger, the only child, was nine years old in 1942. The husband worked in a dance orchestra at the time of the marriage. He and his wife

[1]Reported in 6 N. W. (2d) 470.

lived together in Le Sueur, Minnesota, until 1935, when plaintiff left defendant and their child for unknown reasons and went to Minneapolis. In 1936 plaintiff commenced an action for divorce, which was later dismissed. In 1937 plaintiff asked to return to her husband and child. He was willing, and she went back. In 1938 plaintiff instituted this action for divorce on the ground of cruel and inhuman treatment. Defendant answered and counterclaimed, charging plaintiff, among other things, with keeping company with other men. Later the complaint was withdrawn, and defendant was granted a default divorce upon his cross bill. A property settlement based on a stipulation granting the wife the home and personal property was approved by the court. The husband was given the sole custody of the child. Plaintiff later married the man she was allegedly seeing during her first marriage and went to live in Alexandria, Minnesota. Her second husband is a college graduate and is now employed as a fieldman for an insurance company. Defendant has also remarried, taking as a wife a widow about his own age with a son approximately the same age as Roger. She seems to have cared for Roger as if he were her own son. In May 1940 plaintiff's motion for the custody of Roger was denied. Upon the renewal of her motion in February 1942, the court, among other things, amended the decree so as to grant plaintiff custody of the child during the summer months. It is from this part of the order that defendant appeals.

This court has laid down certain general rules in this type of case. We have said that the future welfare of the child is the principal question to be considered in determining such matters. Dacey v. Dacey, 179 Minn. 520, 229 N. W. 868. Part-time or divided custody of a child is not desirable. Larson v. Larson, 176 Minn. 490, 223 N. W. 789. Ordinarily, the mother, if a fit person, is given custody of a child of tender years. Volkman v. Volkman, 151 Minn. 78, 185 N. W. 964. In the final analysis, precedent is of little help to us here. Only questions of fact are involved. The evidence has been deduced mostly from affidavits. Some do not make pleasant reading. An affidavit of the husband, undenied, states

that during the period when the parties were living together the wife kept company with other men; that she went riding with the man she is now married to; that she had drinking parties at affiant's home when he was absent; and that she left him for unknown reasons in 1935. There is no adverse evidence as to her actions or character after she left defendant. Rather, there are affidavits, including that of a priest who knows both parties, to the effect that her character is good and that the child should not be denied the guidance of his mother. No oral testimony was taken, nor was the child called upon to express his desires, though there was power in the court to do so. Viewing the evidence most favorable to plaintiff, the lower court could have found that plaintiff, from the time when she left defendant for a new home, was, and now is, a fit person to take charge of her only child, especially since there is no evidence that her subsequent conduct has been subject to reproach. In his memorandum the trial judge concluded that he did "not believe that either one of said parties is as bad as is claimed by each other. Both have shortcomings. Such is human nature. The great concern is about the boy, and as to his welfare I believe that both parties are deeply interested in everything that will help him."

We are governed by the rule that the order of the trial court in such cases will not be disturbed unless it appears that there was an abuse of discretion. Waldref v. Waldref, 135 Minn. 473, 159 N. W. 1068. We have read the record carefully and have reached the conclusion that the provisions made in the court's order should not be disturbed.

The objections to a split custody raised in Larson v. Larson, 176 Minn. 490, 223 N. W. 789, do not apply here for the reason that in that case custody was given to the other parent every other week end, resulting in an impossible situation considering the distance separating the respective homes of the parties.

Affirmed.