## ALVIN O. HOVE v. LENORE J. HOVE.[1]

April 27, 1945.

No. 34,013.

*Arthur C. Wangaard,* for appellant.
*Samuel A. Warren,* for respondent.

YOUNGDAHL, JUSTICE.

Defendant appeals from a judgment granting plaintiff an absolute divorce. The lower court found that both parties were guilty of cruel and inhuman treatment. The sole question raised on the appeal is whether the trial court was justified in granting plaintiff a divorce in view of the finding that he was guilty of cruel and inhuman treatment.

The court found defendant guilty of cruel and inhuman treatment with the following finding:

"That the defendant for a number of years past has treated the plaintiff in a cruel and inhuman manner; that such cruel and inhuman treatment among many other things has consisted of the following:

[1]Reported in 18 N. W. (2d) 580.

"(a) That on many occasions the defendant herein had called the plaintiff vile and indecent names, while they were alone and in the presence of others, and also while in the presence of their children; that she had also on many occasions swore at the children of the plaintiff and defendant herein.

"(b) That in the month of November, 1943, the defendant struck plaintiff in the face breaking the skin of his face.

"(c) That the defendant on many occasions ridiculed plaintiff in the presence of the children and others and did not give him the companionship and personal association she should have.

"(d) That in the month of October, 1943, the defendant threatened to commit suicide.

"(e) That defendant has on a number of occasions indecently exposed herself in the presence of plaintiff and children as well as in the presence of the children alone of which complaint was made by them to plaintiff.

"(f) That defendant is of a morose nature, and has a very bad temper which she has displayed on many occasions against the plaintiff."

Plaintiff's conduct toward defendant constituting cruel and inhuman treatment is set forth in the court's finding as follows:

"That the plaintiff has not been a good provider of the necessities of life for the family during the married life of the parties until the last few years, and that it has been necessary for the defendant to work at gainful employment about half of their married life. That during the last two or three years the plaintiff has stayed out nights coming home very often as late as 3 a. m. That plaintiff has while out nights often drank immoderately and spent a considerable portion of his income on intoxicating liquor. That plaintiff associates a good deal with other women on terms of undue familiarity. That he tells filthy stories in his home in the presence of his children. That the acts and conduct of plaintiff towards the defendant constitute cruel and inhuman treatment."

It is apparent from these findings that both parties violated their marital vows and were equally at fault. Plaintiff, therefore, was not entitled to a divorce. Thorem v. Thorem, 188 Minn. 153, 246 N. W. 674; Jokela v. Jokela, 111 Minn. 403, 127 N. W. 391; Colahan v. Colahan, 88 Minn. 94, 92 N. W. 1130; Reibeling v. Reibeling, 85 Minn. 383, 88 N. W. 1103. The instant case is stronger for the denial of a divorce than the cited cases, for here there is a specific finding by the trial court, unchallenged on appeal, that plaintiff was guilty of cruel and inhuman treatment.

It has been determined by the decided weight of authority that where each party is guilty of cruel and inhuman treatment no divorce will be granted. Veler v. Veler, 57 Ohio App. 155, 12 N. E. (2d) 783; Roberts v. Roberts, 204 Wis. 401, 236 N. W. 135; Duberstein v. Duberstein, 171 Ill. 133, 49 N. E. 316; Alexander v. Alexander, 140 Ind. 555, 38 N. E. 855; Mueller v. Mueller, 165 Or. 153, 105 P. (2d) 1095; Blankenship v. Blankenship, 51 Nev. 356, 276 P. 9, 63 A. L. R. 1127; Legatski v. Legatski, 230 Mich. 186, 203 N. W. 69; 17 Am. Jur., Divorce and Separation, § 238; and 27 C. J. S., Divorce, § 67b(2), note 78.

The defense of recrimination recognized in those cases is a countercharge by defendant in a divorce suit that plaintiff has been guilty of an offense constituting a ground for divorce. Tiffany, Domestic Relations (3 ed.) 281; 2 Bishop, Marriage, Divorce, and Separation, § 340. A few courts have engrafted an exception upon the defense of recrimination by following the theory of comparative rectitude. Longinotti v. Longinotti, 169 Ark. 1001, 277 S. W. 41; Dearth v. Dearth, 141 Pa. Sup. 344, 15 A. (2d) 37. In the few jurisdictions following the comparative-rectitude theory, the rationale of the cases has been that granting the divorce is justified on grounds of public policy or the peculiar exigencies of the case. 27 C. J. S., Divorce, § 67, note 60. It is suggested in these cases that if the parties cannot live together the court should not stand in the way of a divorce. See, Annotation, 63 A. L. R. 1132. We are not impressed with this reasoning. We prefer to follow the holding in those states which have expressly refused to follow the

doctrine of comparative rectitude. Rice v. Rice, 239 Mich. 686, 214 N. W. 835; Blankenship v. Blankenship, 51 Nev. 356, 276 P. 9, 63 A. L. R. 1127, *supra;* Veler v. Veler, 57 Ohio App. 155, 12 N. E. (2d) 783.

A contract of marriage cannot be viewed as an ordinary contract which the parties may at any time agree to rescind or which may be rescinded by the courts where both parties are equally at fault. Society and the state are interested in preserving the marriage relation, and the statutory safeguards provided for the preservation of this relation should not be lightly disregarded on the theory of expediency. No divorce should be granted except upon statutory grounds and in the manner provided by law. Although there are no recriminatory defenses stated in the Minnesota statutes to an action for divorce on grounds other than that of adultery (Minn. St. 1941, § 518.08[4], [Mason St. 1927, § 8587]; Buerfening v. Buerfening, 23 Minn. 563), it seems reasonable to infer from the statute setting forth the grounds of divorce that, to entitle a party to a divorce who sues on the ground of cruel and inhuman treatment, such party must be guiltless of committing acts constituting cruel and inhuman treatment.

Confining our conclusion to the fact situation before us, we hold that, where plaintiff sues for divorce on the ground of cruel and inhuman treatment and the trial court finds that both parties are guilty of cruel and inhuman treatment, plaintiff is not entitled to a divorce. Therefore, the action should have been dismissed.

Reversed.