MARY JANET JOHNSON v. HELMER A. JOHNSON.[1]

April 11, 1947.

No. 34,216.

[1]Reported in 27 N. W. (2d) 289.

*Henry Paull*, for appellant.
*Lewis & Hammer*, for respondent.

THOMAS GALLAGHER, JUSTICE.

Action for divorce on the ground of cruel and inhuman treatment, wherein plaintiff sought custody of the three-year-old son of the parties. Defendant denied the charges and interposed a cross-complaint for divorce on the ground of cruel and inhuman treatment and therein also sought custody of the child. The trial court found for defendant as follows:

"3. That plaintiff is a resident of St. Louis County in the state of Minnesota and has resided in said county and state continuously for more than one year immediately preceding the filing of the complaint herein and the commencement of this action.

\*    \*    \*  .  \*    \*

"6. That the acts of misconduct on the part of the defendant were not of such consequence or so serious as to constitute a systematic course of cruel and inhuman treatment inimical to the continuance of this marriage and some of the more serious acts of misconduct with which defendant was charged, were provoked by the misconduct of plaintiff.

"7. That plaintiff has treated defendant in a cruel and inhuman manner and subjected him to a course of cruel and inhuman treatment substantially as alleged in defendant's cross-complaint in said action. That such conduct on the part of the plaintiff is of such a serious character as to be incompatible with and inimical to the further continuance of the marriage relationship between plaintiff and defendant."

(The cross-complaint alleged that "plaintiff has told him [defendant] that she does not care for him and that she would like to be relieved of living with him. * * * That while she was in California [in defense industry], she associated with other men and was informal and indiscreet in her relationships with them. That in * * * Minnesota also, she has been indiscreet in her conduct toward and in her relationship with other men and has proclaimed her interest in and affection for other men, and because of her conduct and her conversation, * * * has brought ridicule, contempt and sympathy upon defendant.")

Continuing, the findings are:

"8. That defendant is a person of good character, earning a good income, who has a sincere love and affection for the minor child of said marriage and is a fit and suitable person to have the care and custody thereof.

"9. That it will be for the welfare of the child of this marriage that defendant have the care and custody thereof."

As conclusions, the court in substance ordered that defendant be awarded an absolute divorce and custody of the child. Plaintiff was granted liberal rights of visitation and the right to have the child in her company at reasonable times and to promote its religious training, as agreed by the parties. Either party within one year from the date of the order could, by its terms, seek modification of the custody provisions therein. A memorandum attached was not made part of the findings or conclusions.

Subsequently, plaintiff moved for amended findings or a new trial on the minutes of the court. Her notice of motion specified:

"Said motion will be based on the further ground that the findings of fact and conclusions of law are not supported by the evidence and the law of the case and that the said conclusions of law are not supported by the findings of fact."

From the trial court's order denying this motion, plaintiff appeals. No case or bill of exceptions was settled or included with the return here.

Plaintiff challenges only the conclusions of law, contending that they do not follow from the facts found. Specifically, she contends, *first*, that the failure to find that defendant had been a resident of the state for at least a year prior to the filing of his cross-complaint rendered void the order awarding him an absolute divorce; *second*, that the court, having found both parties guilty of misconduct, was without authority to grant a divorce to either; and, *third*, in the absence of a finding that plaintiff was unfit to have the custody of her child, that the court abused its discretion in awarding his custody to defendant. Defendant subsequently moved to dismiss the appeal because of plaintiff's failure to return a case or bill of exceptions.

■ Defendant's motion to dismiss the appeal must be denied. It is true that Minn. St. 1945, § 547.02,[3] specifies that, where a motion for a new trial under § 547.01[4] is made upon the minutes and an appeal is taken from the order therein, a case or bill of exceptions must be settled and returned with the record here. However, on several occasions we have recognized the right of a litigant to move for a new trial on the court's minutes on the ground that the conclusions are not supported by the findings, although such a ground is not specifically set forth in § 547.01. Where such a motion is made, the court has no authority to grant a new trial, its power being limited to modifying the conclusions to meet the facts. In such a proceeding, an appeal may be taken without the settlement or return of a case or bill of exceptions. Where such an appeal is taken, the scope of our review is limited to determining whether

---

[3]See, M.S.A. § 547.02, and cf. Mason St. 1927, § 9326.

[4]See, M.S.A. § 547.01, and cf. Mason St. 1940 Supp. § 9325.

the findings of fact support the conclusions made by the trial court. As stated in Lumbermen's Ins. Co. v. City of St. Paul, 82 Minn. 497, 504, 85 N. W. 525, 527:

"* * * When a cause is tried by the court, and the conclusions of law are not supported by the findings of fact, the defeated party may, without a bill of exceptions or settled case, call upon the court to modify its conclusions of law to correspond with the findings of fact under the form of a motion for a new trial. The court has no authority to grant a new trial, and its power is limited to modifying the conclusions of law to meet the facts. It is convenient to be able to raise the question by direct appeal without the entry of judgment or the settlement of a case or bill of exceptions."

See, also, Ames v. Richardson, 29 Minn. 330, 13 N. W. 137; Coolbaugh v. Roemer, 32 Minn. 445, 21 N. W. 472; Farnham v. Thompson, 34 Minn. 330, 26 N. W. 9, 57 Am. R. 59; Holmstrom v. Barstad, 147 Minn. 172, 179 N. W. 737.

■ Plaintiff asserts that the failure of the trial court to find that defendant had been a resident of the state for a year prior to the filing of his cross-complaint renders void the order awarding him an absolute divorce. She cites in support of her contention Thelen v. Thelen, 75 Minn. 433, 78 N. W. 108, and Salzbrun v. Salzbrun, 81 Minn. 287, 83 N. W. 1088. In both these cases the trial court awarded divorces to the respective plaintiffs, but failed or neglected to find that such plaintiffs had been residents of Minnesota for one year preceding the commencement of their respective actions. There was thus nothing to establish the court's original jurisdiction in the proceedings, and we held the findings insufficient to sustain the divorces ordered.

There is a distinction in the instant case. Here, plaintiff alleged and the court found that for at least a year prior to the commencement of the action plaintiff had been a resident of this state. Under Minn. St. 1945, § 518.07,[5] if proper service was made upon the defendant, jurisdiction was conferred upon the court. Presumably,

[5] See, M.S.A. § 518.07, and cf. Mason St. 1927, § 8586.

proper service was made, the defendant voluntarily appeared, filed a cross-complaint, and submitted to the court's jurisdiction. The rule is well established that—

"* * * Where an action for divorce is brought by a resident of the state of the forum against a nonresident, a divorce may be granted the nonresident on his or her cross petition, although a statute, in general terms, requires the plaintiff in an action for divorce to have been a resident of the state for a designated time." 17 Am. Jur., Divorce and Separation, § 264; Annotation, 89 A.L.R. 1204; Note, 59 L.R.A. 149.

While Minnesota has not definitely committed itself to this rule, it is supported by a great majority of the decisions and appears to be a sound doctrine. We hold that the trial court's findings here insofar as residence is concerned are sufficient to sustain the judgment ordered.

■ This court has frequently expressed the rule that where both parties are found to be at fault in divorce proceedings no relief can be granted to either. See, Colahan v. Colahan, 88 Minn. 94, 92 N. W. 1130; Jokela v. Jokela, 111 Minn. 403, 127 N. W. 391; Thorem v. Thorem, 188 Minn. 153, 246 N. W. 674; Hove v. Hove, 219 Minn. 590, 18 N. W. (2d) 580, 159 A.L.R. 731. In each of the cases cited the trial court found misconduct sufficient to justify a divorce on the part of both plaintiff and defendant, and accordingly denied relief to either. In the instant case, however, there is no such finding. The court did find:

"That the acts of misconduct on the part of the defendant were not of such consequence or so serious as to constitute a systematic course of cruel and inhuman treatment * * * and some of the more serious acts of misconduct * * * were provoked by the misconduct of plaintiff."

This would fall far short of a finding of cruel and inhuman treatment sufficient to sustain a divorce under our previous decisions defining cruel and inhuman treatment. See, 2 Dunnell, Dig. & Supp. § 2778. Under such circumstances, we feel that the authorities

above cited have no application here and that the finding referred to did not constitute a barrier to the divorce awarded defendant.

■ On the question of custody, Minn. St. 1945, § 518.17,[6] provides that the court may make, such order as it deems just and proper concerning the care, custody, and maintenance of the minor children of the parties and may determine with which of the parties any of them shall remain, *having due regard to the age and sex of such children.* Almost without exception we have held that under the foregoing statute the custody of very young children should be awarded to the mother. Newman v. Newman, 179 Minn. 184, 228 N. W. 759; Menke v. Menke, 213 Minn. 311, 6 N. W. (2d) 470.

■ There is no finding here that the child has been neglected by the mother. The memorandum attached to the findings indicates the contrary, but further implies that she has been guilty of gross misconduct on several occasions. The memorandum is not made a part of the court's findings and conclusions, and, under the doctrines of this court, while it may be referred to to cast light thereon when the findings are not clear, it may not be used to impeach, contradict, or overcome them when they are positive and explicit. Ross v. D. M. & I. R. Ry. Co. 207 Minn. 157, 290 N. W. 566; Kleidon v. Glascock, 215 Minn. 417, 10 N. W. (2d) 394.

■ The cruel and inhuman treatment described in the findings was in plaintiff's conduct toward her husband, and, in the absence of further findings as to fitness, was not of such a nature as should forfeit her custody of her small son, only four years of age at the time of trial in 1945. In plaintiff's motion for amended findings, however, she specifically asked that the court find—

"That the plaintiff is a person of good character whose love, devotion and care for her child is beyond reproach; that she is a fit and proper person to have the care and custody of the child.

"That it will be for the welfare and best interests of the child that plaintiff have the care and custody of the child."

As indicated, the court denied this motion. We have frequently

---

[6]See, M.S.A. § 518.17, and cf. Mason St. 1927, § 8596.

held that the denial of a motion for an amended finding is the equivalent of a finding contrary to that requested, and that a party making such a motion and meeting a denial thereof cannot say that the court did not pass upon the issue. See, In re Estate of Malchow, 143 Minn. 53, 172 N. W. 915; Seitz v. Union Brass & Metal Mfg. Co. 152 Minn. 460, 189 N. W. 586, 27 A.L.R. 293; Buro v. Morse, 183 Minn. 518, 237 N. W. 186; National Surety Co. v. Wittich, 186 Minn. 93, 242 N. W. 545; Sheffield v. Clifford, 186 Minn. 300, 243 N. W. 129; Smith v. Benefit Assn. of Railway Employees, 187 Minn. 202, 244 N. W. 817; Lafayette Club v. Roberts, 196 Minn. 605, 265 N. W. 802.

Under such authorities, in determining the custody issue here we are compelled to base our decision upon a positive finding, implied in the denial of plaintiff's motion, that she was unfit to have custody of the child. As previously indicated under subdivision 1 of this opinion, we cannot question the sufficiency of the evidence to sustain such a finding, there being no settled case or bill of exceptions. In consequence, we must hold that such implied finding supports the trial court's conclusion here under attack awarding custody of the child to defendant.

■ It is to be noted that the trial court's order insofar as custody of the child is concerned was not intended to be of a permanent nature, nor could it be, under our decisions. Section 518.18; State ex rel. Pappenfus v. Kourtz, 173 Minn. 177, 216 N. W. 937. Here, the court retained jurisdiction, with the suggestion that at the end of the year either party might seek modification of its order. During this year, under the present order, the child is to be taken from the mother and placed in the home of his paternal grandparents, where defendant now resides. The mother will have the right to reasonable visitation, to have the child in her company at reasonable times, and to supervise the child's religious training, as previously agreed upon by the parties.

■ It is apparent that the trial court was conscientiously endeavoring to work out a difficult situation for the benefit of all concerned. There is serious doubt, however, as to whether the pro-

posed arrangement will be a success, and it was with that in mind, undoubtedly, that the trial court made the order temporary in nature. We cannot escape the conclusion, however, often expressed in our prior decisions, that an arrangement of this kind leads only to confusion and bewilderment insofar as the child is concerned. The supervision of the daily routine of a child of this age normally is looked after with greater attention and consideration by the mother, whose natural love promotes concern, care, and sacrifice which may never occur to others not so closely bound. To deny a child of this age his mother's love and care may lead to emotional disturbances, permanently inimical to his well-being. Because of this, on many prior occasions we have interfered where the trial court has taken a child of tender years from the mother's custody. Eberhart v. Eberhart, 149 Minn. 192, 183 N. W. 140; Larson v. Larson, 176 Minn. 490, 223 N. W. 789; McDermott v. McDermott, 192 Minn. 32, 255 N. W. 247; Menke v. Menke, 213 Minn. 311, 6 N. W. (2d) 470, *supra;* Kaehler v. Kaehler, 219 Minn. 536, 18 N. W. (2d) 312.

In the Kaehler case, we modified an order giving only part-time custody of a child of the age of three and one-half years to the father. In the Eberhart case, we held that the trial court's order dividing custody of a five-year-old child between the parents should be modified by awarding sole custody to the mother, stating (149 Minn. 194, 183 N. W. 141):

"* * * If he cannot have the daily care and guidance of both father and mother, we are of the opinion that, to a boy five years old, the mother's care is most indispensable."

In the Larson case, we held that the trial court's order dividing custody of a six-year-old child between the parents was not practical or for the best interests of the child, and awarded custody to the mother. In the McDermott case, the trial court's order granting the father partial custody of a child of three years of age was reversed and the trial court directed to award unqualified custody and control to the mother.

We are confident that the trial court had these principles in mind at the time it made its order here for review, and that when the matter again comes before it for consideration after the designated trial period, if plaintiff then demonstrates that she has conducted herself properly since the prior order and establishes her fitness to care for her child, the court at that time will give such matters their proper weight in determining the question of ultimate custody.

Since plaintiff's appeal involves important issues and was taken in good faith, she is entitled, in accordance with the practice here, to her attorney's fees and her costs and disbursements in this court. We previously made an allowance of $200 to apply on these items, and this sum was paid to plaintiff by defendant. To date, $76.50 of such allowance has been expended for printing and fees of the clerk of district court. Plaintiff is accordingly allowed such additional costs and disbursements as she may have incurred on this appeal, plus statutory costs, together with an additional sum sufficient with the balance of the previous allowance still on hand to equal the sum of $250 as attorney's fees.

Affirmed.

