**BIETER COMPANY, Plaintiff,**

v.

Beatta **BLOMQUIST**; Federal Land Company; Eagan Tower Office Building Partnership; Eagan Heights Commercial Park; Advance Developers, Inc.; Cliff Road Properties; Hoffman Development Group, Inc; HDG Associates Limited Partnership; Eagan Associates Limited Partnership; CRP of Eagan, Inc.; Robert L. Hoffman; Patrick C. Hoffman; and Jack F. Daly, Jr., Defendants.

**CLIFF ROAD PROPERTIES**; Hoffman Development Group, Inc.; Advance Developers, Inc.; HDG Associates Limited Partnership; Eagan Associates Limited Partnership; CRP of Eagan, Inc.; Robert L. Hoffman; Patrick C. Hoffman; and Jack F. Daly, Jr., Third–Party Plaintiffs,

v.

**DORSEY & WHITNEY**, a Minnesota partnership; and Ryan Construction Company of Minnesota, Inc., a Minnesota corporation, Third–Party Defendants.

No. 3–89 CIV 759.

United States District Court,
D. Minnesota,
Third Division.

March 29, 1994.

---

Lindquist & Vennum by James McCarthy and Michael Olafson, Minneapolis, MN, for plaintiff Bieter Co.

Fruth & Anthony by Joseph W. Anthony and Norman J. Baer, Minneapolis, MN, for Advance Developers, Inc., Cliff Road Properties, Hoffman Development Group, Inc., HDG Associates Ltd. Partnership, Eagan Associates Ltd. Partnership, CRP of Eagan Inc., Robert L. Hoffman, Patrick C. Hoffman, and Jack F. Daly, Jr.

Hoff & Allen by George C. Hoff, Eden Prairie, MN, for defendant Beatta Blomquist.

Peterson, Bell, Converse & Jensen by Robert C. Bell and Willard Converse, Minneapolis, MN, for defendant Federal Land Co.

Fredrikson & Byron by Thomas S. Fraser and Todd A. Wind, Minneapolis, MN, for third-party defendant Ryan Const. Co. of Minnesota, Inc.

Fabyanske, Svoboda, Westra & Davis by Richard G. Jensen, Minneapolis, MN, for third-party defendant Dorsey & Whitney.

## ORDER

ALSOP, Senior District Judge.

The above-entitled matter came on for hearing before this Court upon various motions by the parties in this case and upon the motions of the parties in several related cases. Among the motions heard by the Court was the Motion of Plaintiff Bieter Company for Partial Summary Judgment striking Defendants' affirmative defenses of *in pari delicto* and unclean hands. The other motions heard are addressed in two separate Orders.

## I. BACKGROUND

On April 15, 1993, Bieter filed a Third Amended Complaint against Defendants seeking damages pursuant to the Racketeer Influence and Corrupt Organizations Act ("RICO"). The Complaint also contained a state law claim for tortious interference with business relations. In their answers, various Defendants raised the affirmative defenses of unclean hands and *in pari delicto*. Bieter now argues that these defenses "must be stricken as a matter of law." (Pl's.Mem. Supp.Mot. for Partial Summ.J. at 2.)

Specifically, Defendants Advance Developers, Inc., Cliff Road Properties, Hoffman Development Group, Inc., HDG Associates Limited Partnership, Eagan Associates Limited Partnership, CRP of Eagan, Inc., Robert L. Hoffman, Patrick C. Hoffman, and Jack F. Daly, Jr. (the "Cliff Road Defendants") have raised unclean hands and *in pari delicto* as affirmative defenses to Bieter's RICO and tortious interference claims. Defendants Federal Land Company, Eagan Tower Office Building Partnership, and Eagan Heights Commercial Park (the "Federal Defendants") have asserted unclean hands and *in pari delicto* as affirmative defenses to Bieter's RICO claim.[1] Defendant Beatta Blomquist ("Blomquist") has asserted unclean hands as a defense to Bieter's RICO and tortious interference claims.

---

1. The Federal Defendants' assertion of these defenses only applies to the RICO claim because this Court dismissed Bieter's tortious interference claim as it applied to the Federal Defendants in its June 14, 1991 Order.

## 1448

### II. *DISCUSSION*

#### A. *THE SUMMARY JUDGMENT STANDARD*

The Supreme Court has held that summary judgment is to be used as a tool to isolate and dispose of claims or defenses that are either factually unsupported or are based on undisputed facts. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Hegg v. United States,* 817 F.2d 1328, 1331 (8th Cir. 1987). Summary judgment is proper, however, only if examination of the evidence in a light most favorable to the non-moving party reveals no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986).

The test for whether there is a genuine issue of material fact is two-fold. First, the materiality of a fact is determined from the substantive law governing the claim. Only disputes over facts that might affect the outcome of the suit are relevant on summary judgment. *Liberty Lobby,* 477 U.S. at 252, 106 S.Ct. at 2512; *Lomar Wholesale Grocery, Inc. v. Dieter's Gourmet Foods, Inc.,* 824 F.2d 582, 585 (8th Cir.1987), *cert. denied,* 484 U.S. 1010, 108 S.Ct. 707, 98 L.Ed.2d 658 (1988). Second, any dispute of material fact must be "genuine." A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Liberty Lobby,* 477 U.S. at 252, 106 S.Ct. at 2512. It is the non-moving party's burden to demonstrate that there is evidence to support each essential element of his claim. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553.

#### B. *RICO Claims*

Plaintiff Bieter Company argues in support of its motion for partial summary judgment that the defenses of unclean hands and *in pari delicto* are not available, as a matter of law, in RICO actions. Because few courts have addressed this issue, Bieter contends that the Court should refer to the Clayton Act and antitrust law to determine whether *in pari delicto* and unclean hands are valid

defenses to a RICO action. *See* 15 U.S.C. § 15. Defendants argue in response that such an analogy is improper and that these are appropriate affirmative defenses to a RICO action.

The general rule is that the defenses of unclean hands and *in pari delicto* are not available in antitrust cases. As the court noted in *Memorex Corp. v. International Business Machs. Corp.,* 555 F.2d 1379, 1381 (9th Cir.1977):

> "Unclean hands" is said to show that the plaintiff is in some way morally reprehensible with respect to the subject matter of the action. The plaintiff therefore is not permitted to recover despite the wrongfulness of the defendant's action. "Unclean hands" has not been recognized as a defense to an antitrust action for many years.

*Memorex,* 555 F.2d at 1381. Regarding *in pari delicto,* the court stated:

> *In pari delicto* ... asserts that a plaintiff who participated in the wrongdoing cannot recover when he suffers injury as a result of that wrongdoing. As held in *Perma Life Mufflers, Inc. v. International Parts Corp.,* 392 U.S. 134, 140 [88 S.Ct. 1981, 1985, 20 L.Ed.2d 982 ... (1968)], "the doctrine of *in pari delicto,* with its complex scope, contents, and effects, is not to be recognized as a defense to an antitrust action."

*Id.* These defenses are not available in antitrust actions because "the purposes of antitrust laws are best served by insuring that the private action will be an ever present threat to deter anyone contemplating business behavior in violation of the antitrust laws." *Perma Life Mufflers, Inc. v. International Parts Corp.,* 392 U.S. 134, 139, 88 S.Ct. 1981, 1984, 20 L.Ed.2d 982 (1968), *overruled on other grounds by Copperweld Corp. v. Independence Tube Corp.,* 467 U.S. 752, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984). Furthermore, "the plaintiff who reaps the reward of treble damages may be no less morally reprehensible than the defendant, but the law encourages his suit to further the overriding public policy in favor of competition." *Id.*

■ Defendants argue that, "while the public interest in competition is implicated in every antitrust action, a similar public interest is not implicated in every private RICO action." (Cliff Road Def's. Mem. Opp. Pl's. Mot. for Partial Summ.J. at 12.) Several other courts, however, have looked to antitrust law to determine the availability of these defenses under RICO. In *In re National Mortgage Equity Corp. Mortgage Pool Certificates Secs. Litig.*, 636 F.Supp. 1138, 1153 n. 21 (C.D.Cal.1986), the court rejected the defendant's argument that antitrust principles should not be applied to RICO. It stated:

> [T]he antitrust laws, like RICO, provide for criminal penalties. 15 U.S.C. §§ 3, 24. And RICO, like the antitrust laws, was designed at least partially to promote competition, in RICO's case through stemming the infiltration into legitimate businesses by organized crime and by outlawing certain predatory business practices.

*National Mortgage*, 636 F.Supp. at 1153 n. 21. The court noted that the logic underlying the unavailability of the defenses of unclean hands and *in pari delicto* in antitrust law, such as advancing the predominate public policy in favor of competition, is equally applicable to RICO actions. *Id.* at 1156. It therefore held that "unclean hands should not by itself prohibit ... an action that otherwise advances RICO's broad anti-racketeering policies." *Id.* This Court agrees with the *National Mortgage* court that antitrust law is relevant to the determination of whether unclean hands and *in pari delicto* are valid defenses in a RICO action. The Court finds that unclean hands is not a valid defense to Bieter's RICO claims.

■ The availability of *in pari delicto* as a defense requires additional consideration. While the traditional *in pari delicto* defense is not available in antitrust suits, in *Perma Life*, the Supreme Court left open the question of whether "truly complete involvement and participation in a monopolistic scheme could ever be a basis, wholly apart from the idea of *in pari delicto*, for barring a plaintiff's cause of action." *Perma Life*, 392 U.S. at 140, 88 S.Ct. at 1985. Several circuits subsequently determined that "complete in-volvement" does, in fact, constitute a defense to a treble damages claim in an antitrust action. *See, e.g., CVD, Inc. v. Raytheon Co.*, 769 F.2d 842 (1st Cir.1985) (recognizing the "complete involvement" test, but finding it inapplicable to the facts of the case), *cert denied*, 475 U.S. 1016, 106 S.Ct. 1198, 89 L.Ed.2d 312 (1986); *THI–Hawaii, Inc. v. First Commerce Fin. Corp.*, 627 F.2d 991, 995 (9th Cir.1980) (holding that the plaintiff's recovery is not barred unless the defendant establishes that the illegal conspiracy would not have been formed but-for the plaintiff's participation); *Wilson P. Abraham Const. Corp. v. Texas Indus., Inc.*, 604 F.2d 897, 902 (5th Cir.1979) (holding that *Perma Life* did not endorse a "wholesale rejection of the *in pari delicto* doctrine in an antitrust treble damages action" and recognizing "complete involvement" as a valid defense in an antitrust action), *aff'd*, 451 U.S. 630, 101 S.Ct. 2061, 68 L.Ed.2d 500 (1981).

The Supreme Court again addressed the availability of the "complete involvement" defense in the antitrust context in *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 310, 105 S.Ct. 2622, 2628, 86 L.Ed.2d 215 (1985). The Court set forth the test as follows:

> [A] private action for damages ... may be barred on the grounds of plaintiff's own culpability only where (1) as a direct result of his own actions, the plaintiff bears at least substantially equal responsibility for the violations he seeks to redress, and (2) preclusion of suit would not significantly interfere with the effective enforcement of the securities laws and protection of the investing public.

*Bateman Eichler*, 472 U.S. at 310–11, 105 S.Ct. at 2629.

The few courts that have addressed whether *in pari delicto* is applicable as a defense to a RICO claim have applied the *Bateman Eichler* test. *See, e.g., Cohen v. Wolgin*, No. 87–2007, 1988 WL 65970, at *6–7 (E.D.Pa. 1988) (applying *Bateman Eichler* analysis to an *in pari delicto* affirmative defense raised against a RICO claim); *Shulton, Inc. v. Optel Corp.*, No. 85–2925, 1986 WL 15617, at *25 (D.N.J.1986) (finding the *Bateman Eichler* analysis appropriate for RICO claims); *cf.*

*National Mortgage,* 636 F.Supp. at 1156 n. 25 (noting that the "extent and nature of the [defendant's] participation in the alleged RICO violations may be relevant, assuming it turns out that defendants are entitled to raise the defense of 'complete involvement'").

Defendants in the instant case argue that application of *Bateman Eichler,* at the very least, raises a genuine issue of material fact and that summary judgment is therefore inappropriate. The Cliff Road Defendants argue that "once Bieter realized it could not obtain approval for its proposed Regional Shopping Center, through lawful means, it engaged in conduct that eliminated the possibility that its shopping center would ever be approved." (Defs'.Mem.Opp.Pl's.Mot.Partial Summ.J. at 14.)[2] Thus, according to the Defendants, Plaintiff participated in the violation for which it now seeks relief.

The first element of the *Bateman Eichler* test is not met in the instant case. The violation Bieter seeks to redress under RICO is Defendants' alleged bribery of city officials in furtherance of competing developments. *Bieter Co. v. Blomquist,* 987 F.2d 1319, 1328 (8th Cir.1993). Bieter argues that the bribery was intended to prevent its proposed development from receiving the necessary approvals and to assure approval of the competing Cliff Lake Centre. Bieter further argues that it was injured as a result of Defendants' conduct. *Id.*

Defendants do not claim that Bieter was involved in the same alleged bribery for which Bieter now seeks relief. Bieter and Defendants were competitors, not conspirators. Nor do they allege that Bieter was somehow working with Defendants during that time to achieve Bieter's own downfall.

Even if, after it realized that all legitimate means of achieving its goals had failed, Bieter encouraged Defendants' success so that it could sue them, Bieter does not bear "at least substantially equal responsibility for the violations it seeks to redress." *Bateman Eichler,* 472 U.S. at 310, 105 S.Ct. at 2628. Assuming that all of Defendants' allegations are true, the Court nonetheless finds that Defendants' *in pari delicto* defense must be dismissed as a matter of law.

■ This Court's holding is consistent with the second element of *Bateman Eichler* because it serves the policies underlying RICO and the public interest. This holding is also consistent with the Eighth Circuit's holding in *Bieter,* 987 F.2d at 1319. In that opinion, the Court explained that one purpose of RICO is to "root out public corruption." *Id.* at 1329. A rule that the affirmative defenses of unclean hands and *in pari delicto* are not valid in a RICO action, except as consistent with *Bateman Eichler,* will encourage competition and enable plaintiffs to root out public corruption.

## C. *TORTIOUS INTERFERENCE CLAIMS*

### (i) *Unclean Hands*

■ Bieter's claim for tortious interference is brought under Minnesota common-law. Bieter argues that unclean hands, which is an equitable defense, is not a valid defense to a claim for damages in Minnesota.[3] Minnesota courts have not directly addressed this issue. The few Minnesota cases that have indirectly addressed this issue, interpreted together, lead the Court to the conclusion that unclean hands is not a valid defense to a claim for damages in Minnesota.

---

**2.** Specifically, Cliff Road Defendants argue the following regarding Bieter's RICO claim:

> [Bieter] ... deliberately refused to reapply even though it was urged to do so by the City Council and even though after the November 1987 elections the candidates who were beholden to Bieter controlled the City Council.

(Cliff Road Defs'.Mem.Opp.Pl's.Mot. for Partial Summ.J. at 14–15.) In addition, regarding Bieter's RICO and tortious interference claims, they argue:

> Once Bieter realized it could not obtain Target through legitimate means ... it conspired with Dorsey to aid Cliff Road Properties in their solicitation and acquisition of Target as a tenant for [Cliff Lake Centre]. That way, Bieter could sue them for allegedly interfering with their relationship with Target.

(*Id.* at 17.)

**3.** In its Memorandum in Support of Motion for Partial Summary Judgment, Bieter states that it "does not seek equitable relief, but rather seeks damages." (Pl's.Mem.Supp.Mot. for Summ.J. at 7.)

In *Thorem v. Thorem*, 188 Minn. 153, 155, 246 N.W. 674, 675 (1933), Chief Justice Wilson, concurring, stated that because a "divorce court is not a court of equity . . . Plaintiff should not have been turned away for want of clean hands." Similarly, in *Hagberg v. Colonial & Pacific Frigidways, Inc.*, 279 Minn. 396, 397, 157 N.W.2d 33, 35 (1968), the court explained in its syllabus that "[t]he equitable 'clean hands' doctrine is not applicable to an action for damages." *Id.* Another case indicating that Minnesota courts do not recognize equitable defenses in actions for damages is *LaValle v. Kulkay*, 277 N.W.2d 400, 403 n. 3 (Minn.1979). In that case, the court stated, "Laches is an equitable defense and is not relevant to this action because defendants are requesting damages and not an injunction." *Id.* at 403 n. 3. *See also Fred. O. Watson Co. v. United States Life Ins. Co.*, 258 N.W.2d 776, 778 (Minn. 1977); *Creative Communications Consultants, Inc. v. Gaylord*, 403 N.W.2d 654, 657 (Minn.Ct.App.1987).

The Eighth Circuit has, on several occasions, addressed the availability of equitable relief under Minnesota law. In *Foy v. Klapmeier*, 992 F.2d 774, 779 (8th Cir.1993), the court stated, "Equitable proceedings are to be governed by equitable principles. Under Minnesota law, the doctrine of unclean hands will be invoked only to deny equitable relief to a party whose conduct has been unconscionable by reason of a bad motive or where the result induced by that party's conduct will be unconscionable either in the benefit to that party or in the injury to others." *Foy*, 992 F.2d at 779. While the *Foy* court was not directly faced with the question now before this Court, the language in *Foy* is consistent with this Court's interpretation of applicable Minnesota law. The court did not indicate that the defense of unclean hands was available in Minnesota, except in the context of equitable proceedings. *See also Holmberg v. Morrisette*, 800 F.2d 205, 211 (8th Cir.1986), *cert. denied*, 481 U.S. 1028, 107 S.Ct. 1953, 95 L.Ed.2d 526 (1987) (finding it unnecessary to decide whether Minnesota law "permits application of the clean hands doctrine, traditionally an equitable defense, in an action at law for money damages"); *Earle R. Hanson & Assoc. v. Farmers Co-op. Creamery Co.*, 403 F.2d 65, 70 (8th Cir.1968).

Defendants correctly state in their memoranda that some courts, federal and state, permit equitable defenses to claims for damages. *See, e.g., Associated Business Tel. Sys. Corp. v. Greater Capital Corp.*, 729 F.Supp. 1488, 1496 (D.N.J.) (holding that defense of unclean hands is not limited to suits in equity), *aff'd*, 919 F.2d 133 (3d Cir.1990); *Unilogic, Inc. v. Burroughs Corp.*, 10 Cal. App.4th 612, 619–20, 12 Cal.Rptr.2d 741, 744 (Cal.Ct.App.1993), *rev. denied*, Jan. 14, 1993 (holding that unclean hands is a valid defense to an action at law for damages). *Contra Marvin E. Nieberg Real Estate Co. v. Taylor–Morley–Simon*, 867 S.W.2d 618, 626 (Mo. Ct.App.1993) (holding that application of defenses of unclean hands and laches is erroneous in an action at law for damages); *General Dev. Corp. v. Binstein*, 743 F.Supp. 1115, 1133–34 (D.N.J.1990) (holding that unclean hands is available as a defense to the plaintiff's claim for injunctive relief, but not to its claim for tortious interference). Because the Court finds no indication that Minnesota courts have expanded the availability of equitable defenses to actions for damages, it concludes that unclean hands is not a valid defense to Bieter's claim for tortious interference.

**(ii)** *In Pari Delicto*

 Bieter argues that "[f]or the same reasons that the *in pari delicto* defense does not apply to [its] RICO claims, the defense . . . does not apply to [its] tortious interference claims." (Pl's.Mem.Supp.Partial Mot. for Summ.J. at 10.) The Court agrees. *See Brubaker v. Hi–Banks Resort Corp.*, 415 N.W.2d 680 (Minn.Ct.App.1987). Bieter claims that Third–Party Plaintiffs lured Target away from Bieter, causing Bieter injury. Bieter could not have participated in the same scheme that it now claims caused its injury.

Accordingly, based upon careful review of the record, files, and the proceedings herein,

**IT IS HEREBY ORDERED** That:

1. Plaintiffs' Motion for Partial Summary Judgment Striking Defendants' Affirmative

Defenses of Unclean Hands and *In Pari Delicto* is GRANTED; and

2. Defendants' affirmative defenses of unclean hands and *in pari delicto* are dismissed.